THE INDIANA BOND COMPANY *v.* SHEARER ET AL.

[No. 3,151.    Filed May 15, 1900.]

APPEAL AND ERROR.—*Assignment of Error.*—An assignment that the court erred in entering judgment against appellant presents no question for review.  *p. 623.*

MUNICIPAL CORPORATIONS.—*Sewers.*—*Collection of Assessments.*—An action to enforce an assessment lien for the construction of a sewer cannot be maintained, where the assessment roll was never recorded, and there was no evidence that the assessment roll had been approved.  *p. 624.*

From the Marion Circuit Court.    *Affirmed.*

*S. M. Richcreek,* for appellant.

*B. F. Watts,* for appellees.

COMSTOCK, J.—Appellant instituted this action to enforce a lien on lot number 208 of Fletcher's second addition to the town of Brightwood for $2.50 and $25 attorney's fee for the construction of a sewer in said town, under §§4273, 4274, 4275 Burns 1894.

The complaint, after reciting the preliminary steps taken by the board of trustees of said town required to be taken by the statute, avers that "On the 3rd day of July, 1895, said board of trustees made and adopted a final estimate of the total cost of said improvement, the amount to be paid by the property owners bordering thereon, being the sum of $——, and made a complete assessment roll for the cost of the same, a copy of which is filed herewith as Exhibit A, and made a part of this complaint.  Assessing each lot benefited by said sewer its *pro rata* share of said cost, the said lot above described, having a frontage thereon, as above stated, was assessed in the sum of $2.50; said sum to be paid by the owners of said lots, respectively, to said contractor.  The said assessment roll was duly approved by said board on the 2nd day of July, 1895, and delivered to the clerk of said town, and duly recorded by him, and the

original roll was then delivered to the said contractor for the purpose of enabling him to collect the various assessments made to pay him for his work." It avers also that the contract for the construction of the sewer was awarded to C. M. Kirkpatrick, who performed the work in compliance with the contract, and who, before the bringing of this suit, sold and assigned in writing the assessment in suit to the appellant.

Appellees answered in four paragraphs. The first was a general denial. A demurrer was sustained to the second. The third, under oath, denied that there was any record of any proceeding of the board of trustees of the town of Brightwood for the construction of the sewer named in the complaint, which included defendants' property; and that the same was not included in any contract made with C. M. Kirkpatrick or said board of trustees. The fourth paragraph alleges that said lot number 208 does not abut on and has no frontage on said sewer, and was never benefited by the same; that the pretended assessment of defendants' property for the cost of the construction of said sewer was placed thereon since the same was passed upon by the board of trustees, without the knowledge or consent of said board. Appellant replied to these paragraphs by general denial. No question is raised upon the pleadings, and no further statement of their averments seems necessary. A trial by the court resulted in a judgment in favor of appellees for costs.

The errors assigned are (1) that the court erred in overruling appellant's motion for a new trial; (2) that the court erred in entering judgment against appellant. The last specification presents no question for review. The motion for a new trial contains three reasons: (1) The decision of the court is not sustained by sufficient evidence, but is contrary to the evidence; (2) the decision of the court is contrary to the law; (3) the court erred in admitting evidence as to the benefit which the property in controversy received by the construction of the said sewer.

The examination of the record shows that the assessment roll made a part of the complaint was never recorded. The statute (§4294 Burns 1894), contemplates that such assessment shall be recorded in the proper record of the corporation, and that, when an assessment or an instalment thereof is paid, it shall be entered upon that record. The assessment is the foundation of this action. *Lewis* v. *Albertson*, 23 Ind. App. 147. A proposed assessment could not become a lien until approved by the board of trustees. The original assessment roll prepared by the appraisers, which was introduced in evidence, has nothing upon it to indicate that it was approved,—no record evidence. No minutes of the town board showing the approval of the assessment were introduced. There was no evidence of records through which corporations speak. It was claimed by counsel for appellant that the book containing such record could not be found. It was sought to show the proceedings of this municipal body by the parol testimony of the officers whose duty it was to make a record of the same. There was evidence fairly tending to prove that the assessment was not in fact approved by the board. This is sufficient to uphold the judgment of the trial court. The third reason for a new trial is too general to present any question.

Judgment affirmed.