MATTHEW M. JORDAN *vs.* OLD COLONY STREET RAILWAY COMPANY.

Suffolk.    January 16, 17, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* On highway, Contributory.

If a man who wants to pull down one leg of his trousers, and who has at least the whole of a highway including a sidewalk for foot passengers to choose from for performing that act, selects for the purpose the track of a street railway near a corner from which an electric car may emerge at any moment and strike him in eight seconds, and, if while stooping in such a place for the purpose named with his foot three inches over the rail he is struck by a car before he looks up, he cannot be found to be in the exercise of due care.

LORING, J.    This is an action for being run over by a car of the defendant railway company, shortly after eleven o'clock at night, while it was going from Dedham toward Hyde Park.

The presiding judge ordered a verdict for the defendant on the conclusion of the plaintiff's case, and the case is before us on the plaintiff's exceptions.

The plaintiff's evidence showed that the plaintiff had drawn his pay early in the evening in question, and had been drinking in various bar rooms from eight o'clock or thereabouts until eleven, when he took a car for home.   He testified that he had had one glass of whiskey and five glasses of beer, and was sober.   He lived in Hyde Park, and with his companions got off at Knight Street.   They then walked up Knight Street in the direction of the plaintiff's residence, and sat on a fence on the left hand side of the road going toward Dedham.   This fence was a little over three feet from the nearest rail of the defendant's tracks.   There was no sidewalk on that side of the road, and there was a sidewalk on the other side of it.   After chatting for a while on the fence, the plaintiff and his companions got down, his companions started to the right to go to their homes, and the plaintiff started in the opposite direction, diagonally across the track, to get to the sidewalk on the other side of the road, to go to his home. He testified that while sitting on the fence he had pulled up his trousers; that when he began to walk they interfered with him, and for that reason he tried to shake them down by kicking out his legs as he started to walk from the fence; that the left leg of his trousers was thus shaken down but the right leg remained up, and he stopped to pull it down with his hands; that when he stopped for this purpose he was standing between the fence and the nearer rail, with his right leg about three inches over that rail, bending over in a stooping position; and that while he was so occupied a car came from Dedham, hit him on the head, and ran over his right leg.   It was a clear night.   The moon was shining.   No question was made as to the car having been lighted as usual.   At the point where the plaintiff was sitting on the fence to the point where he was run over, there was an unobstructed view of a car coming from Dedham, for a distance of two hundred and thirty-four feet in the daytime.   Beyond that the tracks were hidden by a row of willow trees.   The road in question going toward Dedham curved to the left and ran along a mill pond, the row of trees being in the line of the fence between the rails and the pond.   The plaintiff testified that when

he got down off the fence, he stretched himself and looked to the right and left to see if a car was coming, and did not look again. His companions testified that he was sober. His companions also testified that the car was running from eighteen to twenty miles an hour. He testified that he took four steps from the fence before he stopped to pull down his trousers, and on direct examination that it might have taken half a minute or more to pull down the right leg of his trousers. On cross-examination he indicated what he meant by half a minute, and the time proved to be seven seconds.

If the car was running twenty miles an hour, it would take eight seconds for it to run from the point two hundred and thirty-four feet away (where the view of it was unobstructed in the daytime), to the point where the plaintiff was when he was struck.

We are of opinion that whatever may be the explanation of this accident the plaintiff failed to show that he was in the exercise of due care. The evidence as a whole (including much that we have not found it necessary to refer to) indicates that the plaintiff was drunk, and that that is the true explanation of the accident. But we cannot say as matter of law that the jury could not find that he and his companions were telling the truth as to his being sober. Again, it is hard to believe that a man who was sober would spend half a minute, or even seven seconds, in pulling down one leg of a pair of trousers. But we cannot say as matter of law that if he was sober he did not do so. What we do say, however, is that when a man has at least the whole highway, including a sidewalk devoted to foot passengers alone, to choose from, it is not the act of a prudent man who wants to pull down one leg of his trousers to select a street railway track eight seconds around and away from a corner from which an electric car may emerge at any moment, and to stoop over to pull down his trousers without again looking up until he is run over.

In *Carlson* v. *Lynn & Boston Railroad*, 172 Mass. 388, on which the plaintiff mainly relies, the plaintiff was walking on and along the only footpath that there was. So in *Robbins* v. *Springfield Street Railway*, 165 Mass. 30, the plaintiff in driving on the way in question had to drive across the track of the de-

fendant railway. But in a case like the one at bar there is no necessity for pulling down the leg of one's trousers, and a street railway track is not the place for attending to that unnecessary act if it is to be done at all.

The case is somewhat like and falls within the principle applied in *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290; *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533; *Itzkowitz* v. *Boston Elevated Railway*, 186 Mass. 142.

*Exceptions overruled.*

*J. J. Feely*, (*R. Clapp* with him,) for the plaintiff.
*D. E. Hall*, for the defendant.