WILLOUGHBY ·W. JELLY, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued December 6, 1907—Decided February 24, 1908.

The plaintiff was struck and injured by the over-hang of the rear end of a street railway car moving at ordinary speed around a loop while he was standing in a public highway far enough away from the car, as he thought, to be safe. He had no contractual relation with the company, and although the motorman saw him about three feet away, had no reason to suppose that he would remain where he was likely to be struck. *Held*, that the company was not liable.

On error to Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Hobart Tuttle.*

For the defendant in error, *Chauncey G. Parker.*

The opinion of the court was delivered by

BERGEN, J.   The substantial error alleged in this case is that the trial court refused to nonsuit the plaintiff, and also to direct a verdict for the defendant at the close of the whole case.   The testimony of the plaintiff is, that he entered a trolley car of the defendant at the corner of Market and Broad streets, in Newark, which was going towards Irvington, and when it reached the "loop," which was the point where the accident afterwards happened, he got off the car, either because the car was not going to Millburn, or was going no further, for it is difficult to determine from his testimony just what he means to say.   After he left the car he walked for a short distance towards Millburn and then determined to take a car which he saw approaching.   He was standing about two feet from the car as it approached, near enough to ask the motorman whether that car went to Millburn, and was told that it did not, and then turned and started to walk away; as he was doing so he was struck and knocked down and injured. It appears that the front of the car passed him, but that the rear of the car, in swinging around the loop, projected beyond the track far enough to strike him.   On cross-examination he was asked:

"*Q.* How far away from the track were you when you were struck?

"*A.* I should say about four feet.

"*Q.* Four feet?

"*A.* Four or four and a half feet.

"*Q.* Now, why is it that when you saw that car coming around that loop, knowing that it was swinging, you did not step further away from the track?

"*A*. Well, I supposed I was out of distance.

"*Q*. You supposed that you were far enough away?

"*A*. Everybody would be the same."

We are unable to see in this testimony any evidence of negligence on the part of the motorman. He was running the car in the ordinary way around the loop. He saw the plaintiff two or three feet away from the car with no reason to apprehend that he would remain in a place where he was likely to be struck. The testimony of the plaintiff shows that he saw the car swinging around the loop, but supposed he was far enough away to have the car miss him. There is nothing in this case which shows that the plaintiff was a passenger of the defendant; he was waiting in the street for a car that would carry him to his destination, and the company had no contractual relation with him. He saw the car was in motion, and also that it was swinging around the loop, but he thought he was far enough from the car to be safe. There is no reason why the motorman should not continue with the car around the loop, nor had he any reason to suppose that the plaintiff would remain so near as to be struck by the rear of the car as it went by.

In *Widmer* v. *West End Street Railway Co.*, 158 *Mass.* 49, determined by the Supreme Court of Massachusetts, the plaintiff was standing near the side of the track waiting for a car to go by. She saw the front end of the car go by her and thought she was far enough from it to be safe, yet she was struck on the right temple by the handle of the rear dasher of the car as it went around the corner. On this state of facts the court held that there was no evidence of negligence which would justify a verdict against the defendant.

In *Garvey* v. *Rhode Island Co.*, 26 *R. S.* 80, the plaintiff signaled the motorman of the car, as it was rounding a curve, that she desired to take it, and in consequence of her signal the car was slowed down and nearly brought to a standstill on the curve, and as the plaintiff walked towards it for the purpose of boarding it when it came to a standstill, the motorman suddenly increased the speed of the car around the curve, thereby causing the rear end of the car to swing out over that part of

the street where the plaintiff was standing and strike her. On this state of facts the court held that the plaintiff had contributed to her injury, saying: "For one to place himself within reach of the swing or overhang of a car while it is in motion is as much a bar to his recovery in an action against the company as though he had negligently placed himself in front of a moving car and been injured thereby." The same case holds that until the plaintiff has been given to understand by some act of the motorman or conductor that he can safely attempt to board the car, the defendant owed him no legal duty. This case is quite in point with the one under consideration.

We are of opinion that the evidence discloses no negligence on the part of the motorman, but on the contrary shows that the careless conduct of the plaintiff was the cause of the accident, for which the defendant was not responsible, and that a verdict should have been directed for the defendant. The refusal of the trial judge to direct a verdict was an error which leads to a reversal of the judgment below.