## Richmond.

### NORFOLK AND PORTSMOUTH TRACTION CO. v. WHITE.

#### January 14, 1909.

1. STREET RAILWAYS—*Personal Injury—Contributory Negligence—Case at Bar.*—The evidence in the case at bar shows that the plaintiff, who was struck and injured by a street car at night, was perfectly familiar with all of his surroundings, including the street railway and its method of operation; that he was in a place of safety, with nothing to disturb his judgment, and with no duty imposed upon him, but that he stooped down to strike a match to signal a rapidly approaching car, at a point where it did not usually stop, with his head projecting over the rail, and, while in this position, was struck by the car. It thus appears that he, of his own volition, exposed himself to danger, and contributed to the injury which he received. The proximate cause of his injury was his own voluntary and negligent act, and hence there can be no recovery.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*H. W. Anderson* and *Williams & Tunstall,* for the plaintiff in error.

*R. H. Bagby,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

White brought this action in the Circuit Court of Norfolk county to recover damages for an injury, and a verdict and

Opinion.

judgment was rendered in his favor, to which the defendant company has obtained a writ of error.

There are four errors assigned in the petition. The first and second are frivolous and need not be considered. The third is to the refusal to grant two instructions asked for by plaintiff in error, and the fourth is to the refusal of the court to set aside the verdict on the ground that it was contrary to the law and the evidence.

On the night of August 8, 1906, a few minutes before ten o'clock, White left his house on Florida avenue, in Port Norfolk, Norfolk county, Virginia, in company with Mr. and Mrs. William Armstrong, who had spent the evening at his house, it being their purpose to take the car of the defendant company (plaintiff in error) at the corner of Mt. Vernon avenue and Second street. Mt. Vernon avenue runs north and south, and Second street crosses it at right angles. After reaching the intersection of the streets, where they were to take the car, in five or six minutes plaintiff says that he saw or thought he saw a flash about one block or six hundred feet away, and at that moment he stepped upon the car track and said to his friends, "I think the car is coming. Get on this side of the street," and stooped down to strike a match, "and just as I struck the match I saw the car from a light that shown from Mr. Johnson's grocery store on the corner. I threw my head up, and didn't have time to step out of the way, and it struck me, and I did not know anything more."

In answer to the question by his counsel, "Did you say you did not see this car coming after it came around the curve?" he replied: "No, sir; I can't say that I did see the car. I saw the car when she rounded in the curve, and after waiting a moment or two, I thought I saw a flash six or seven hundred feet off. It could not have been the car, because there didn't three seconds elapse between that time and the time I was struck."

The plaintiff, in his own behalf, and other witnesses, testify that they saw no light on the car—no headlight and no lights within the car.    Several witnesses, on the contrary, testify that the lights within the car were burning; that they were upon the same current which furnished the motive power, and that when the car was in motion the lights within the car were necessarily burning.

We do not find it necessary, however, to determine in this case whether this diversity of statement between the witnesses constitutes a conflict of evidence upon that point.    There is evidence that the car, as it approached this crossing, was moving quite rapidly, and that it did not slow up, and no effort was made to stop it until after the accident had occurred.

The plaintiff in error asked the court to instruct the jury, that "if they believe from the evidence that the plaintiff leaned over the track upon which the car of the defendant was approaching in order to signal it, and that the action of the plaintiff in so leaning over the said track contributed to the injury, then the plaintiff was guilty of contributory negligence, and the verdict should be for the defendant.

"The court instructs the jury, that if they believe from the evidence that the plaintiff knew that the car of the defendant was approaching, and leaned over the track upon which the said car was approaching in order to signal it, and that the action of the plaintiff in leaning over the said track contributed to his injury, then the plaintiff was guilty of contributory negligence, and the verdict should be for the defendant."

The evidence shows that the plaintiff had lived near the point at which he received the injury for a number of years: that he was acquainted with all of its surroundings, including the street railway and its method of operation.    The point at which his friends were to take the car was not a regular stopping place.    He knew, therefore, that the car would pass by at its usual rate of speed unless a signal was given it to stop.

They had waited five or six minutes for the car, and must have known, therefore, that it might be momentarily expected. He actually saw it at a short distance from the crossing, and warned his friends to pass over to the opposite side of the track, in order to enter the car when it should reach them, and, that he might give the signal, he stooped down to strike a match upon the rail, and in so doing his head projected over the track and was struck by the car, and he received the injury of which he complains. The very fact that he used a match as a signal is evidence of his consciousness of the near approach of the car, for we know that a match could be relied upon as a signal for only a very brief time.

The sight or sound of the approaching car could only have warned him of danger, as to which there was quite enough to put a prudent man upon his guard. Being in a place of safety, with nothing to disturb his judgment, with no duty imposed upon him, but in a moment of forgetfulness or of carelessness, he of his own volition exposed himself to danger, and thus contributed to the injury which he received. Although it be conceded that the car was without lights, it is beyond doubt that the proximate cause of the injury which he sustained was his own voluntary and negligent act. *Garvey* v. *Rhode Island Co.*, 26 R. I. 80, 58 Atl. 456; *Jordan* v. *Old Colony Ry.*, 188 Mass. 124, 74 N. E. 315; *Neale* v. *Springfield Ry.*, 189 Mass. 351, 75 N. E. 702; *N. & W.* v. *Hawkes*, 102 Va. 453, 46 S. E. 471.

We are of opinion that the instructions asked for should have been granted, and that the verdict of the jury should have been set aside as contrary to the law and the evidence.

The judgment of the circuit court is reversed, and the case remanded for a new trial.

*Reversed.*