ENGLER v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Third Department.  May 4, 1910.)

CARRIERS (§ 327*)—INJURY TO PERSON ATTEMPTING TO BOARD CAR—CONTRIBUTORY NEGLIGENCE.

A person at night signaled a rapidly moving electric car to stop at a highway crossing.  The car ran past the crossing and then stopped.  He then started to run to catch the car, which commenced to back, and it ran against him.  He had an unobstructed view of the lighted car, and he could have seen it, had he looked.  He knew that the car had a superior right of way beyond the crossing.  He neither looked nor listened.  *Held*, that he was guilty of contributory negligence as a matter of law, for he could not assume that the motorman would not do his duty and return the car to the crossing.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 327.*]

Houghton, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Charles Engler against the International Railway Company.  From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals.  Reversed, and new trial granted.

See 120 N. Y. Supp. 1123.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Dana L. Spring, for appellant.

George H. Kennedy, for respondent.

SEWELL, J.  At the close of the plaintiff's case the defendant's counsel moved for a nonsuit on the ground that the plaintiff had failed to prove any negligence upon the part of the defendant and had failed to prove his own freedom from contributory negligence.  The motion was denied by the court, and at the close of the whole case the motion was renewed, and again denied.  I think that the denial of the motion was error, for which the judgment must be reversed.

The accident occurred about 1 o'clock in the morning of July 3, 1907, a mile and a half or two miles outside of the city of Buffalo, at "Ludwig's Stop," where the defendant's tracks cross a highway, and where its cars usually stop.  It appears from plaintiff's proof that, as he and a companion approached the crossing, they saw one of the defendant's street cars coming at a rapid speed; that they signaled to stop, and the car ran 75 to 100 feet before it was stopped; that they waited a minute or a minute and a half, after the car had passed, and then ran after it.  The plaintiff testified that the lights of the car were on; that:

"It was a very dark, rainy night; but we could see the car as it stood down there after it stopped.  Then we started and ran down the track towards the car, along the embankment there.  The track is raised up, and runs along there, along a private right of way.  It is not a street, or anything of that sort.  I heard no signal given.  The next thing I knew the car hit me on top of my head and I went down the embankment."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Coates, his companion, testified that:

"The car went on past the crossing about 25 yards; that is my estimate of the distance. Then Engler and I started to run on the track, with our umbrellas up, toward the car, and the next thing I knew Engler was struck by the car backing up, and he fell over on the right side of the track into the ditch. I didn't hear any signal to back up. * * * We ran down the tracks with our umbrellas over our heads."

The evidence on the part of the defendant tends to show that the car ran 300 or 400 feet beyond the crossing before it stopped; that the motorman immediately gave four bells, the usual signal to back; and that the conductor repeated the signal. The motorman testified that he then gave several blasts of the whistle and started the car backward toward the crossing.

What the respondent claims as negligent is that the motorman did not give adequate warning, so as to notify the plaintiff of the approaching car, and that the conductor did not place himself at the rear of the car, where he could see and protect the plaintiff and his companion as the car backed toward the crossing. It may well be doubted whether the evidence was sufficient to sustain a finding that the defendant was negligent in failing to appreciate that the plaintiff and his companion might be following the car down the track; but, if this be assumed, it does not aid the respondent, because the undisputed facts conclusively showed the plaintiff to have been guilty of contributory negligence. They showed that an unobstructed view of the lighted car was possible as it approached the crossing, and that the plaintiff could have seen it if he had actually looked; that he was in a position of safety when the car was stopped and commenced to back; and that he voluntarily placed himself in a position of peril, knowing what was likely to occur unless he took care of himself.

It cannot be said that the mere stopping of the car was an invitation to the plaintiff to follow it. He had no right to assume that the motorman would not do his duty and return, and that there was no danger. He knew that the defendant had a superior right of way upon its tracks beyond the crossing, and it was his duty to be actively vigilant. The undisputed facts show that the plaintiff neither looked nor listened, but blindly ran after the car without taking any precaution or making any effort to avoid the danger to which he was exposed.

We are therefore of the opinion that the question of contributory negligence on the part of the defendant was not a question of fact for the jury, and that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, COCHRANE, J., in result, except HOUGHTON, J., who dissents.