[No. 10962.   Department Two.   March 8, 1913.]

JOHN GRAVES, *Appellant,* v. TACOMA RAILWAY & POWER COMPANY, *Respondent.*[1]

STREET RAILWAYS—INJURY TO PERSONS IN STREETS—NEGLIGENCE. It is not negligence, as regards persons in the street, for a street car company to allow persons to ride on the steps of a loaded car, so that their bodies protruded beyond the ordinary line of the sides of the car, where the car approached slowly and an alarm was sounded.

SAME—CONTRIBUTORY NEGLIGENCE.  A person intending to board a street car is guilty of contributory negligence, where it appears

[1]Reported in 130 Pac. 476.

that he saw the car, approaching slowly, in time to avoid being struck by the bodies of persons riding on the steps, but failed to do so.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered March 30, 1912, on granting a nonsuit, dismissing an action for personal injuries sustained by one seeking to board a street car. Affirmed.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for appellant.

*J. A. Shackleford* and *F. D. Oakley*, for respondent.

FULLERTON, J. — The appellant brought this action against the respondent to recover damages for personal injuries. He was nonsuited in the court below and appeals.

The appellant lives near the line of the respondent's suburban road, which runs between the cities of Tacoma and Puyallup. Cars passing over the line of the road enter the city of Tacoma on one of its principal avenues, from whence they proceed to the heart of the city, where they turn on a loop and pass out of the city on the same track on which they enter it. In passing in and out, the cars receive and discharge passengers at all of the principal street crossings. On the evening of September 4, 1911, some form of public entertainment was given in the city of Tacoma which had attracted to the city numbers of people, many of whom, and among them the appellant, had come into the city over the respondent's road. At the close of the entertainment there was a rush to return, and the appellant, finding the usual places of boarding the cars blocked with people, went to the place where the cars made the turn for the outward journey, intending to take a car at that point. He took a position along the side of the track on the outward or convex side of the curve. Before a car arrived, a number of people having the same purpose as the appellant collected at the same place, and massed along the side of the track. Others again, anticipating that there would be a crowd wait-

ing to take the cars at the loop, went along the track towards the approaching cars; and meeting an incoming car, boarded it before it reached the loop, loading it to its capacity. After the car was filled, the entrance gates were closed, and a number of persons mounted the steps and clung to the outside of the gates, their bodies projecting some little distance beyond the sides of the car. Loaded in this manner, the car approached the place where the appellant was standing. The front end of the car passed him without touching him, but before the rear end reached him, or about the time the rear end reached him, the people behind him surged forward, pressing him against the bodies of the persons hanging onto the rear steps, and he was dragged along in the direction of the motion of the car and injured. The car approached the place slowly, at about the speed of an ordinary walk; its gong was being sounded and its lights were burning; it was in plain view of the appellant long before it reached him, and before it reached him, as he himself testified, he "looked back and saw a crowd on the rear steps of the car."

It is alleged that the respondent was negligent in permitting persons to ride on the steps of the car outside of the gates, and that this was the proximate cause of the appellant's injuries. We have not been, however, able to take this view of the record. It is not negligence in itself, as against persons on the streets, for a street car company to permit persons to ride on the steps of its cars, even though the bodies of the persons so riding may protrude beyond the ordinary line of the sides of the cars. If such an act is negligence at all, it must be so only under peculiar circumstances; circumstances where injuries therefrom were, or ought to have been, reasonably foreseen. It is, of course, the duty of a street car company to operate its cars at all times with ordinary care, and it is true, also, that what constitutes ordinary care in the operation of a car varies with the circumstances. But clearly there is no circumstance shown here that takes the case from without the ordinary rule. The

car approached slowly; an alarm was sounded giving warning of its approach; the car was in plain view of the appellant; he observed its exact condition before it reached him, and knew that it was loaded to its capacity and that persons were clinging to the steps outside the closed gates. He had time and opportunity to escape after he had knowledge of the conditions. And when it is remembered that he had the same duty to exercise ordinary care to avoid being injured that the respondent had to avoid injuring him, it seems clear that his conduct was negligent, sufficiently so to bar a recovery even were negligence shown on the part of the railway company in the particulars alleged.

The judgment will stand affirmed.

CROW, C. J., MAIN, MORRIS, and ELLIS, JJ., concur.