# ECKHART *v.* MARION, BLUFFTON AND EASTERN
TRACTION COMPANY.

[No. 8,615. Filed June 16, 1915.]

1. APPEAL. — *Assignment of Errors.* — *Questions Presented.* — No
question is presented for review by an assignment that the court
erred in rendering judgment, since ordinarily the rendering of
judgment is not in itself a ruling but is dependent on some prior
ruling or succession of rulings, and it can not be ascertained
from such an assignment what particular ruling it is desired to
challenge. p. 220.

2. APPEAL.—*Assignment of Errors.—Sufficiency.*—An assignment
that "the court erred in awarding judgment to the appellee on
the answers to the interrogatories propounded to the jury try-
ing this cause notwithstanding the general verdict", though ir-
regular in form and not to be commended as a model, referred
to a single action of the court and left no doubt as to the iden-
tity of the ruling intended to be presented for review, and was

therefore sufficient to present the question of error in sustaining the motion for judgment *non obstante.* pp. 220, 221.

3. APPEAL.—*Assignment of Errors.—Requisites.*—An assignment of error to be sufficient should specify with reasonable certainty the ruling to be reviewed. p. 221.

4. RAILROADS.— *Injuries to Persons on Tracks.— Negligence.— Answers to Interrogatories.—Contributory Negligence.*—In an action against an interurban railroad company for injuries sustained by plaintiff, a woman of mature years, while waiting for the car to stop, where the complaint alleged that plaintiff attempted to hail the car at a rural stop before daylight in the morning, and charged negligence in operating the car without a headlight and at an excessive speed, and alleged that it did not stop and that in passing plaintiff's cloak was caught on the car and she was thrown to the ground, etc., but failed to allege any facts to show that her signals were seen, or to justify her in the belief that the car was going to stop, it must be assumed that the signals were not seen by the motorman and that plaintiff was not warranted in believing that the car would stop; hence on answers by the jury to interrogatories showing that she stood from 18 inches to two feet from the ends of the ties as the car passed, and that there was nothing to prevent her from standing at a safe distance, and that as the car passed her coat was caught and she was thrown, etc., plaintiff was chargeable with contributory negligence as a matter of law. pp. 221, 222, 225.

5. APPEAL.—*Review.—Answers to Interrogatories.—Complaint.*— In determining the sufficiency of the jury's answers to interrogatories to support a judgment thereon notwithstanding the general verdict, allegations in the complaint not covered by such answers must be considered as established by the proof and arrayed in support of the general verdict, and statements of conclusions therein should be treated as eliminated. p. 222.

6. NEGLIGENCE.—*Contributory Negligence.—Knowledge of Danger.*—It is a matter of common knowledge that a physical body of considerable magnitude moving rapidly agitates the air and creates in its wake a suction which tends to draw other physical bodies towards it; hence a woman of mature years was chargeable with knowledge of the fact that if she stood at the side of the track within 18 inches to two feet from the ends of the ties while a rapidly moving interurban car was passing, she was in a place of danger. p. 225.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by Clara Eckhart against the Marion, Bluffton and Eastern Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*A. L. Sharpe* and *Frank W. Gordon,* for appellant.

*Jacob F. Denney, Abram Simmons* and *Frank C. Dailey,* for appellee.

CALDWELL, J.—Appellant, a mature woman, brought this action to recover for personal injuries inflicted on her by one of appellee's cars at a flag station in Wells County. The averments of the complaint material to a determination of the questions involved are in substance that on January 1, 1907, appellee was operating a traction line between Marion and Bluffton; that on said day early in the morning, and before daylight, appellant went to stop 11 on said line near which she lived, for the purpose of taking passage to Bluffton on one of appellee's cars; that cars stopped at that place for the purpose of receiving passengers only on signal from such passengers to that end; that soon after she reached the stop, and while it was yet dark the car approached; that "said car was not provided with a headlight as it should have been, and she signalled said car to stop that she might embark thereon, and that after signalling said car to stop, she stepped aside from the usual stopping place of the company's cars where they made stops at said station, and where she was out of the way of said cars when they did stop at their usual stopping place at said station, believing, as she had a right to believe, that said car would stop at said station and let her embark thereon; that the car which she had so signalled did not stop at said station * * * but * * * ran by her at a very high rate of speed, and * * * caused her cloak which she was then wearing * * * to be drawn towards said car, and through no fault of plaintiff, but due entirely to the high rate of speed at which defendant's servant was driving said car and the negligence of said servant to stop said car where he properly should, her cloak was caught by some part of said car as the same went swiftly by her", and she was thereby thrown to the ground and injured; "that had said car been

stopped, as it was the duty of defendant to stop it, at the station aforesaid where it should have been stopped after she had signalled, and where she had a right to believe that it would be stopped", she would not have been injured; "that the injuries so received were due to the high rate of speed at which said car was so negligently driven by defendant's servant past said station after being signalled to stop by plaintiff and running past her at such high rate of speed as to cause her said cloak to be drawn into and caught by said car, and the further fact that said car was so negligently driven in the nighttime without being provided with a headlight or some other device by which the motorman in charge of said car would see persons who gave him signals to stop."

A trial resulted in a general verdict for appellant by which her damages were assessed at $850. With the general verdict the jury returned answers to interrogatories. Appellee's motion for judgment on the answers notwithstanding the general verdict was sustained and judgment rendered accordingly. The only error assigned and not waived relates to the ruling on such motion. It is urged however that this alleged error is not properly assigned. It is in form as follows: "The court erred in awarding judgment to the appellee on the answers to the interrogatories propounded to the jury trying this cause notwithstanding the general verdict." The action of the court which appellant evidently intends to challenge by such assignment is the ruling in sustaining such motion. The motion being sustained, judgment followed as a matter of course, and without any additional ruling. The assignment should have been based, however, on the ruling rather than on the rendering of the judgment. It has been held a number of times that an assignment that the court erred in rendering judgment for or against a party presents no question for review. *Seisler* v. *Smith* (1898), 150 Ind. 88, 46 N. E. 993; *Hill* v. *Indianapolis, etc., R. Co.* (1903), 31 Ind. App. 98, 67 N. E. 276; *Indiana Bond Co.* v. *Shearer*

(1900), 24 Ind. App. 622, 57 N. E. 276. As indicated, in the mere act of rendering judgment, the court ordinarily is not required to rule. That judgment should be rendered for the one party or the other is determined from some prior ruling of the court, and generally from a succession of rulings. That the judgment was properly or improperly rendered may depend on the correctness of a number of such prior rulings. It follows that ordinarily it cannot be ascertained from a general assignment challenging the judgment what particular ruling the appellant desires to challenge. Such an assignment is therefore not sufficiently specific to satisfy the statute. §696 Burns 1914, §655 R. S. 1881.

3. An assignment of error to be sufficient should specify with reasonable certainty the ruling to be reviewed. *Baldwin* v. *Sutton* (1897), 148 Ind. 591, 47 N. E. 629, 1067; *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind.

2. 670, 83 N. E. 369, 14 Ann. Cas. 375. While the assignment here is irregular in form, and not to be commended as a model, taken as a whole we think it refers to a single action of the court, and that there can be no doubt respecting the identity of the ruling intended to be presented for review. We, therefore, hold it to be sufficient. *Mesker* v. *Bishop* (1914), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644.

The following are the material facts found in answer to the interrogatories: On January 1, 1907, appellee's track

4. extended east and west intersecting a north and south public highway at stop 11. The track extended straight for at least a quarter of a mile west of said stop. On numerous occasions prior to January 1, appellant had taken passage on appellee's cars at that stop. On the morning of that day, she came alone from her home, half a mile south, to said stop for the purpose of taking passage on an east bound car. Arriving at the stop she sat down on the track, but shortly heard the whistle and rumble of the car two miles away, and thereafter continuously heard it

approaching until it arrived and she was injured, and during all the time it was running that distance, she knew it was approaching. Although she did not actually see the car on account of the fog and the darkness, until it was within 150 feet of the stop, she rose when it was twenty rods distant, and standing in the center of the track attempted to flag it by the use of her handkerchief. Standing in such position she continued to attempt to flag the car, using no light and no other device but her handkerchief, until it had approached to within 150 feet of the stop, whereupon she ceased her efforts to flag it, and stepped from the track to the south taking a position eighteen inches to two feet south of the south line of the ties of the track, which position she continued to occupy, facing north and in no other direction until she was injured. She chose her own position, and there was nothing to prevent her from standing at a safe distance from the track as the car approached and passed, or to prevent her from standing anywhere she chose in said highway at the time of her injury and theretofore. If appellant had stood at a distance of four or more feet from the track as the car passed she would not have been injured, and there was nothing to prevent her from standing at such distance. The car did not brush against her or strike her, but while she was standing at the place aforesaid, in which place she stood continuously after she stepped from the track, she was wearing a long coat entirely unbuttoned and as the car passed the coat was blown or pulled against the car and caught on some part of it on the south side near the rear end, and she was thereby thrown and injured.

In determining whether the court properly overthrew the general verdict by rendering judgment on the answers to the interrogatories, there are certain allegations of the complaint not specifically covered by the answers that must be considered. The substance of such allegations, if properly pleaded, must be deemed to be established by proof, and should be arrayed in

support of the general verdict, if thereby it may be upheld. *Wabash R. Co.* v. *McNown* (1913), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383. First, however, there are certain statements contained in the complaint that should be eliminated. Thus, the allegation that the car was running at a very high rate of speed states a conclusion rather than a fact, and does not strengthen the complaint. The averment that appellant believed, and had a right to believe that the car would stop is of a like nature. It was specifically averred in substance that cars stopped at this particular station only on signal. It is alleged that appellant signalled the car to stop, but there is no averment as to when or under what circumstances, except as to the darkness and the fog, the signal was given, or at what distance from the car or as to the nature of the signal, or whether it was such as could be seen in the darkness, or that the motorman saw it, or that appellant believed he saw it. There is, therefore, no fact or set of facts averred justifying the allegation that appellant believed or that she had reason to believe that the car would stop. It should be presumed that appellant by direct averments or allegations justifying inferences to that end stated her cause of action as strongly as the facts warrant. The case will therefore be further considered on the assumption that the motorman did not see the signal, and that appellant was not justified in entertaining a belief that the car would stop. The averment that the car had no headlights states a fact, and must be added to the other facts found by the jury. The subject of the allegation that appellant's injury was "due to the high rate of speed at which said car was so negligently driven" and to "the further fact that said car was so negligently driven in the nighttime without being provided with a headlight or other device by which the motorman in charge of said car would see persons who gave him signals to stop" is proximate cause rather than negligence. However, under the principles announced by *Domestic Block Coal Co.* v. *DeArmey* (1913),

179 Ind. 592, 100 N. E. 675, 102 N. E. 99; and *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681, and cases following those decisions, said averments are probably sufficient as charges of negligence as well as proximate cause. We shall therefore consider the case on the assumption that negligence is sufficiently charged not only respecting the absence of a headlight, but also the rate of speed. See, also, *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739.

The situation then is as follows: Appellant, a mature woman, accustomed to travel by interurban, and familiar with the surroundings, stood in the middle of the track and attempted to flag a car which she heard approaching, using as a signal only her handkerchief. She first saw the car when distant 150 feet, negligently running in the darkness at a high rate of speed without any headlight, and thereupon immediately ceased her signals, and stepped from the track to a position eighteen inches to two feet from the ends of the ties, which position she maintained until injured. She chose her own place, and there was nothing to prevent her from taking a safe position further from the track. She had no knowledge and there was nothing to indicate that her signals had been seen, or that the car would slacken its speed or stop. She was wearing a long cloak unbuttoned. The car approached, reached her and passed at such speed, but appellant did not change her position. If she had stood at a distance four feet or more from the track she would not have been hurt. As the car passed, her coat was blown against it and caught on some part of it near the rear end, and she was thereby thrown and injured.

Under such circumstances, Can the court say as matter of law that appellant was guilty of negligence which proximately contributed to her injury? Ordinarily contributory negligence is a question for the jury. The facts here are undisputed. If but one inference may reasonably be drawn from them, the situation calls for the exercise of the powers

of the court.  Assuming the other facts to remain stable, if appellant, for the purposes of the discussion, should be assigned to various positions differing in their remoteness from the track, in some of such positions she would plainly be adjudged guilty of contributory negligence as matter of law, as if she had voluntarily and knowingly stood just outside the rail.  In other positions more remote, a question of fact for the jury would be presented.  Proceeding to determine the matter as appellant was actually situated under the finding, the fact is generally known that a physical body of considerable magnitude moving rapidly agitates the air and creates in its wake a suction which tends to draw other physical bodies towards it.  A woman of mature years under ordinary circumstances should be chargeable with knowledge of this fact, because it is a matter of common knowledge.  Considering that the car overhangs the rail, appellant was standing very close to it.  The fact that her coat was caught by the car indicates her proximity to it.  She maintained her position after she must have known definitely that the car would not be stopped.  As the car approached very near her, she must have observed definitely that it was moving rapidly, and that there was no slackening of its speed, but she maintained her position close to the track when a step backward would have saved her.  By way of analogy, the end of a street or interurban car necessarily swings out a distance from the track as the car rounds a curve.  This being a well known fact, the courts hold that a person standing near the track who is injured by such swinging end coming in contact with him is guilty of contributory negligence, in that he fails to observe the plain and simple precaution of stepping back.  *Matulewicz v. Metropolitan St. R. Co.* (1905), 107 App. Div. 230, 95 N. Y. Supp. 7; *Garvey* v. *Rhode Island Co.* (1904), 26 R. I. 80, 58 Atl. 456; *Jelly* v. *North Jersey St. R. Co.* (1908),

76 N. J. L. 191, 68 Atl. 1091; *South Covington, etc., R. Co.*
v. *Besse* (1908), 16 L. R. A. (N. S.) 890, note.

There is a like holding in a case where a person was stand-
ing so close to the track that he was injured as a car passed,
by coming in contact with a passenger whom he knew to
be riding on the steps of the car. *Graves* v. *Tacoma R., etc.,*
*Co.* (1913), 72 Wash. 387, 130 Pac. 476, 45 L. R. A. (N.
S.) 269. Also where a person standing near the track leaned
forward in the act of signalling an approaching car, so that
it came in contact with some portion of his body as it passed.
*Neal* v. *Springfield St. R. Co.* (1905), 189 Mass. 351, 75
N. E. 702; *Norfolk, etc., Traction Co.* v. *White* (1909), 109
Va. 172, 63 S. E. 418. Also where a woman, standing near
the track waiting for an approaching car, observed the
front end pass without injuring her, and therefore believed
she was far enough from the track to be safe, but was struck
by the rear handhold as the car turned the curve. *Widmer*
v. *West End St. R. Co.* (1893), 158 Mass. 49, 32 N. E. 899.

The cases cited are illustrative rather than decisive of
the question here. A point of similarity exists between those
first cited and the case at bar in that each involves the
principle of charging a person of maturity and under ordi-
nary circumstances with knowledge of facts within the scope
of common observation. *Bruff* v. *Illinois Cent. R. Co.*
(1909), 121 S. W. (Ky.) 475; 24 L. R. A. (N. S.) 740, is
in some particulars, closely parallel with the case at bar.
There plaintiff, after an unsuccessful attempt to flag an
approaching train at night, stepped from the track as it
neared him, whereupon the suction of the train in passing
blew off his hat. In an involuntary attempt to catch his
hat, his hand came in contact with the train, thereby break-
ing his arm. It was held that plaintiff was guilty of con-
tributory negligence in unnecessarily taking a position so
near the track. In the case at bar, it does not appear to
us that reasonable minds would differ on the proposition
that appellant failed to exercise ordinary care for her own

safety, and that her own negligence contributed proximately to her injury.  After she ceased to signal the car, while it was yet 150 feet distant, there was apparently no excuse for her standing in such close proximity to the track.  Common prudence should have suggested to her that she take a position more remote.  The court did not err in sustaining appellee's motion for judgment.  See also *Kelly* v. *Boston Elevated R. Co.* (1908), 197 Mass. 420, 83 N. E. 865, 15 L. R. A. (N. S.) 282, note; *Southern R. Co.* v. *Bailey* (1910), 110 Va. 833, 67 S. E. 365, 27 L. R. A. (N. S.) 379.

Judgment affirmed.

Moran, J., not participating.

NOTE.—Reported in 109 N. E. 224.  As to who are passengers and when they become such, see 61 Am. St. 75. . See, also, under (1, 2) 3 C. J. 1385; 2 Cyc. 907; (3) 3 C. J. 1357; 2 Cyc. 987; (4) 6 Cyc. 626, 642; (5) 38 Cyc. 1927; (6) 29 Cyc. 513.