and expenditures; that the animus or motive of the council in seeking to make such examination cannot affect its right (*Murphy v. Chicago, R. I. & P. Ry. Co.*, 247 Ill. 614); that the council is not required to consider a communication from the board as its sole and ultimate source of information. It is not important whether the field of the council's financial action be small or large; whatever it is, the intelligent exercise of the council's powers will be promoted by knowledge even of those details over which it has no direct control.

We hold that it was error to sustain the demurrer, and the order dismissing the petition is reversed and the cause remanded with directions to overrule the demurrer and for further proceedings not inconsistent with what is herein expressed.

*Reversed and remanded with directions.*

---

### Mary McCausland, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,890.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of fact. Opinion filed March 7, 1916. Rehearing denied March 20, 1916.

### Statement of the Case.

Action by Mary McCausland, plaintiff, against Chicago City Railway Company, defendant, for damages for personal injuries. From a verdict and judgment for plaintiff, defendant appeals.

Defendant while rehabilitating its street car tracks in Chicago laid a temporary north and south track on

Halsted street at the intersection of Thirty-sixth street. When plaintiff was about to board defendant's southbound car at that point, she alleged, the car swayed and struck, causing the injury sued on. The rail nearest plaintiff (the west rail) was about three-quarters of an inch higher than the other rail (east rail) of the southbound track. Defendant's men were detailed to watch the temporary track to keep it surfaced, lined and gauged. The west rail (nearest plaintiff) was four feet from the curbstone. The overhang of defendant's cars was twenty-two to twenty-four inches on each side. Plaintiff testified that she stood one foot from the curb while waiting for the car, and was so standing when the car struck her.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 421*—*when intending passenger struck by street car guilty of contributory negligence.* An intending passenger who stands so close to a moving street car on which he intends to take passage as to be struck is guilty of contributory negligence.

2. APPEAL AND ERROR, § 1802*—*when case reversed with finding of fact.* When it is patent from the evidence that plaintiff cannot maintain the action, the Appellate Court should reverse with a finding of fact.

3. NEGLIGENCE, § 90*—*when contributory negligence bars recovery.* There can be no recovery when the accident, on account of which suit is brought, could not have happened but for plaintiff's contributory negligence, even though defendant was guilty of negligence which may have contributed in some way to bring about the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.