SCHILDT, Appellant, vs. JOHNSON, Receiver, Respondent.

*September 18—October 24, 1916.*

*Street and interurban railways: Injury to person waiting to board car: Contributory negligence.*

Plaintiff, an able-bodied man forty-five years of age, with good eye-sight and in possession of all his faculties, attempted, in a customary way, to signal an interurban car at night, at a highway crossing, by lighting matches and holding them near the track. As the car drew near, he stepped back to what he thought was a safe distance. The car did not stop, and as it was passing he was either struck by, drawn under, or stumbled against the car and was injured. He had watched the approach of the car through a distance of two blocks or more and knew that it had an overhang of about three feet. Assuming, but not deciding, that he was a passenger, it is *held* as a matter of law that he was guilty of contributory negligence in standing so close to the car. ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

The plaintiff came in the evening of November 7, 1915, to a highway crossing on defendant's interurban line, prepared to pay his fare and to board one of its cars going to Kenosha.

It was customary for certain of its cars known as local to stop on signal at this crossing for passengers; the limited cars or trains, however, went by without stopping, but in the nighttime as they approached there was no way of distinguishing them from the local cars.

A three-inch plank about ten inches wide had been placed at the end of the ties at this crossing and some gravel had been spread by the company just outside of this track and plank for the convenience of passengers. From a point which has been located indefinitely as about eight to fifteen feet outside of the rail on the side where plaintiff waited, the ground sloped down quite a little from the track. A line of trolley poles about eight feet from the track extended in a

straight line along the track on which the car in question was approaching.

The evidence disclosed that there was no method of signaling approaching cars provided by the company and that it was customary for waiting passengers, among other ways, to light matches and hold them near the track so that the flash would give notice to the approaching motorman.

As plaintiff, with a Mrs. Pagel who also intended to take the same car, saw the approaching headlight, he lit matches two or three times and held them near the track, and on its approach stepped back to what he says he thought was a safe distance.　The car did not stop, and as it was passing he was either struck by, drawn under, or stumbled into the car and was severely injured on his right arm and other parts of the body. The injury on the arm apparently indicated that the force causing it was applied at the hand, pressing it back and causing fractures of the elbow joint.　The exact manner in which the injury occurred is indefinitely described by the plaintiff and the one witness to the same, but it appeared that at the moment of impact the plaintiff seemed to twist around and fell into the ditch alongside the track.

At the close of plaintiff's testimony the court below granted defendant's motion for a nonsuit, and entered judgment dismissing the action.　The plaintiff appealed.

For the appellant there was a brief by *Calvin Stewart,* attorney, and *George W. Taylor,* of counsel, and oral argument by *Mr. Stewart.*

For the respondent there was a brief by *Fisher & Fisher,* attorneys, and *G. F. Hellmuth,* of counsel, and oral argument by *Peter Fisher, Sr.*

VINJE, J.　The trial court held that the relation of passenger and carrier had not arisen; that the defendant was not negligent; and that plaintiff was guilty of contributory negligence as a matter of law.　We need not determine whether under the facts of the case the relation of passenger and car- ·

rier existed at the time of plaintiff's injury, or whether defendant was negligent, because, conceding for the purposes of the case that plaintiff was a passenger, we still think he was guilty of contributory negligence in standing so close to the car when it passed as to be struck by it or to lose his footing by reason of the force or suction of the air current created by its passage. There is nothing hidden or deceptive in the swift motion of a car. A child of even quite tender years senses the danger of standing close to such a rapidly moving object. The car was an ordinary interurban one with the usual overhang. Its headlight enabled plaintiff to see it coming and there was no reason why he could not have stepped back far enough to be safe. His failure to do so when he stood and watched its approach must be held to be contributory negligence. Obviously cases cited to the effect that it is negligence to cross a railroad track without looking and listening have no application to this case, for plaintiff testifies he stood and watched the approach of the car for at least two blocks. He was an able-bodied man forty-five years of age, with good eyesight and in possession of all his faculties so far as it appears. Under such circumstances, knowing, as he says, that the car had an overhang of perhaps three feet, it was his duty to avoid the zone of danger.

It was not a case of the best means of escaping from a sudden perilous position, as plaintiff's counsel argues. The position was voluntarily assumed; the impending danger observable, and the only means of escape was to step back out of danger. Plaintiff says the speed of the car was so great that it "drawed him in." If so, he must have sensed the great rate of speed some appreciable time before the car reached him, because he stood all the time looking directly at it. Under such circumstances both his sense of sight and hearing would disclose the high rate of speed in time to enable him to step back to safety before the car reached him.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J.    Under the facts in this case I think plaintiff was clearly a passenger (*Tarczek v. C. & N. W. R. Co.* 162 Wis. 438, 441, 156 N. W. 473), and that it was properly a jury question to determine whether or not defendant was negligent in furnishing the place for such passenger to approach and board its cars.    The evidence showed that he did appreciate the situation and did use some care to avoid danger, and the jury, not the court, should have said whether, in the light of all the surrounding circumstances, this was ordinary care.    *Spencer v. M. & P. du C. R. Co.* 17 Wis. 487, 493; *Munroe v. Pa. R. Co.* 85 N. J. Law, 688, 90 Atl. 254, Ann. Cas. 1916A, 140; *Richardson v. D. & M. R. Co.* 176 Mich. 413, 423, 142 N. W. 832.    I therefore dissent.