UNION TRACTION COMPANY OF INDIANA *v.* SMITH.

[No. 10,343. Filed May 11, 1920. Rehearing denied October 13, 1920. Transfer denied December 14, 1920.]

1.  RAILROADS.—*Injuries to Persons on Tracks.—Intending Passenger Struck by Car.—Action.—Complaint.—Sufficiency.*—In an action against an interurban traction company for personal injuries sustained when plaintiff was struck by a car which he intended to board as a passenger, a complaint alleging that plaintiff presented himself at a station which was a flag stop and was struck by a car which he signaled to stop because of the failure of defendant to maintain headlights upon the car, etc., *held* good as against demurrer.  p. 348.

2.  RAILROADS.—*Injuries to Persons on Tracks.—Intending Passenger Struck by Car.— Contributory Negligence.*— Where plaintiff, who attempted to signal an approaching interurban car after night to stop at a flag station in order that he might board it as a passenger, stood so near the tracks that the car, which failed to stop, struck and injured him, he was guilty of contributory negligence barring a recovery for his injuries, even though the car was being operated without a headlight, and the motorman saw him when he was between 200 and 300 feet away.  p. 348.

3.  RAIRROADS.—*Injuries to Persons on Tracks.—Negligence.—Contributory Negligence.—Last Clear Chance.*—Where plaintiff, desiring to board an approaching interurban car as a passenger at a flag station, took a position so near the track from which to signal the car that he was liable to be injured, and, notwithstanding his knowledge that the car was moving at a speed of forty or fifty miles an hour, failed to retire from his dangerous position, although he could have done so at any

time before the car reached the spot where he was standing, and was struck and injured, he could not recover for his injuries under the doctrine of last clear chance, since the opportunity of the motorman to prevent the accident was not later in point of time than that of plaintiff.    p. 350.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by John Waller Smith against the Union Traction Company of Indiana.    From a judgment for plaintiff, the defendant appeals.    *Reversed.*

*J. A. Van Osdol, Frederick E. Matson, Ralph K. Kane, James A. Ross, Robert D. McCord* and *Adolph A. Schreiber,* for appellant.

*Ira W. Christian, Floyd G. Christian* and *Ralph H. Waltz,* for appellee.

NICHOLS, C. J.—Action by appellee to recover damages for personal injuries sustained by the negligence of appellant.    The first paragraph of complaint avers that:    Appellant operated an electric interurban line from Indianapolis north through Noblesville, and maintained a local stop at a place called Kinsey's Crossing about two miles south of Noblesville, where its tracks were crossed at right angles by a highway.    Appellee presented himself at said station on November 18, 1916, at about 5 o'clock in the evening to take passage on one of appellant's local cars, and after waiting some time heard a car approaching said stop.    He took a position near the track and attempted to signal the car to stop and, while in that position on or near the track, and all the time looking in the direction of the approaching car, he was struck by the car and injured.    Appellant required those about to take passage at said station upon said cars to stand near the railroad track, and to signal said cars as they approached said station to attract the attention of the servants of appellant in charge of said cars.    Appellee, after arriving at said

station and hearing the approach of said car, stepped out near the track, in a place provided by appellant, signaled said car, and attempted to attract the attention of appellant's servants in charge of said car. While he was so signaling, the appellant's servants in charge of said car negligently and carelessly failed to heed said signals given by appellee, although said servants saw, or in the exercise of ordinary care and under the circumstances could have seen said signals, and negligently and carelessly ran said local car without any lights, or headlights on the front of said car, at the high and dangerous rate of speed of fifty miles per hour, through and past said station. At the time said car arrived at said station it was after nightfall and very dark so that objects and surroundings were invisible and, on account of the absence of any lights or headlights upon the front of said car, it was impossible for appellee to see the approach of said car, or to judge or determine the distance or speed of the same as said car approached said station, or the exact location of said track, so that, as a proximate result of the negligence and carelessness of appellant, the corner of said car struck appellee and threw and hurled him to the ground a great distance from said track, greatly injuring him, for which injuries he asks judgment in the sum of $25,000. Appellee at all times exercised due care, and had appellant slackened the speed of its car, and had it brought said car to a stop at said crossing, as required by appellee's signals, appellee would have had ample time in which to have avoided injury.

The second paragraph of complaint was dismissed. The third paragraph avers, in addition to the facts averred in the first paragraph, that appellant's motorman in charge of said car, while acting within the scope of his employment and operating said car, saw the signal of the appellee and discovered that the appellee was

so close to said railway track that, if said car proceeded, the side thereof would strike appellee, and that such motorman observed said appellee's position and danger in time to control and stop the car, and in time to have prevented striking the appellee and injuring him, but that such motorman negligently and carelessly ran said car upon appellee without attempting to stop the same, thereby injuring him.

After demurrer to the first and third paragraphs of complaint was overruled, appellant answered in general denial, and trial was had before a jury which returned a verdict in appellee's favor in the sum of $2,500, on which judgment was rendered. After appellant's motion for a new trial was overruled, it prosecutes this appeal, assigning this ruling and the action of the court in overruling the demurrer to each paragraph of the complaint as error.

Because of the averments that it was impossible for appellee to see the approach of the car and that appellee did not know the exact location of the track, near

1. which he had taken a position, we hold the complaint good against demurrer, but though there was no error in overruling the demurrer to each

2. paragraph of complaint, the appellee cannot eventually be helped by such ruling. He testified that his eyesight was good and that he had looked at the railroad track and he knew where it was. We note that he also testified that it was so dark that he could not see and that he did not know that such track was so close to him, but appellee says that it is undisputed that the motorman saw him when he was between 200 and 300 feet away. The evidence is very contradictory as to whether the headlight was burning, though there is no contradiction that the car was lighted with electric lights and that it had glass windows in the front, though appellee testified that he could not see the car

as it approached him. We think we are fully justified in saying that such cars under such conditions, even though there is no headlight burning, can be seen from the front, approaching. Without weighing the evidence, let us concede that the headlight was not burning, and there is some evidence to sustain this concession, then, as appellee says that it is undisputed that the motorman saw him when from 200 to 300 feet away, no argument is needed for us to reach the conclusion that appellee, whose eyesight was good, could see as far as the motorman could see and, if he could, then he could have seen the tracks upon which or beside which he stood, and he knew, or should have known, by the exercise of ordinary care where he stood with reference to such tracks. These facts bring the case clearly within the principle decided in the case of *Eckhart* v. *Marion, etc., Traction Co.* (1915), 59 Ind. App. 217, 109 N. E. 224, in which case it was held that, where one of mature years while waiting for a car that she attempted to hail at a rural stop while it was yet dark, where it was charged that the car was being operated without a headlight and at an excessive rate of speed, and further alleging that it did not stop, and such person was standing so close to the car that her cloak was caught on the car and she was thrown to the ground, it must be presumed that the motorman did not see any signals to stop that such person had given, and that she was unwarranted in believing that such car would stop, and that, standing as she was, eighteen inches to two feet from the end of the ties, with nothing to prevent her from standing at a safe distance as the car passed her, she was chargeable with contributory negligence as a matter of law. The principle involved is so well presented in that case by Caldwell, J., that we deem it wholly unnecessary to further discuss it in this case. That case, and the following cases, to wit, *Schildt* v. *Johnson* (1916), 164 Wis. 102,

159 N. W. 805; *Smith* v. *Gulf, etc., R. Co.* (1910), 61 Tex. Civ. App. 225, 128 S. W. 1177; *Bruff* v. *Ill. Cent. R. Co.* (1909), (Ky.) 121 S. W. 475, 24 L. R. A. (N. S.) 740; *Townsend* v. *Houston Elec. Co.* (1913), (Tex. Civ. App.) 154 S. W. 629, and *McCausland* v. *Chicago City R. Co.* (1916), 198 Ill. App. 200, are cited in appellant's brief, but appellee does not attempt in any manner to discredit any one of the cases so cited, or to distinguish them from the case at bar, and we are wholly unable to see how he can avoid the force of them. Other cases to the same effect are *Wright* v. *Atlantic, etc., R. Co.* (1910), 110 Va. 670, 66 S. E. 848, 25 L. R. A. (N. S.) 972, 19 Ann. Cas. 439; *Garvey* v. *Rhode Island Co.* (1904), 26 R. I. 80, 58 Atl. 456; *Engler* v. *International R. Co.* (1910), 138 App. Div. 659, 122 N. Y. Supp. 841; *King* v. *Tenn. Cent. R. Co.* (1913), 129 Tenn. 44, 164 S. W. 1181, 51 L. R. A. (N. S.) 618.  •

Applying the evidence to the third paragraph of complaint, appellee has undertaken to fix the liability of appellant under the doctrine of last clear chance.

3.   If appellee was negligent in placing himself in a position so near the track that he was liable to be injured by being struck by a passing car, then, having knowledge of the approach of the car, he was negligent in continuing in such unsafe position, if at any time before his injury he could have, by the exercise of reasonable care, retired from such position to a safe one, and failed so to do. Nothing hindered him from retiring. Such knowledge and opportunity to retire were as late or later than that of appellant to prevent the injury, for after the car, moving at a speed of forty to fifty miles an hour, was in such close proximity to appellee as to be unable to stop in time to prevent his injury, even then appellee might by the exercise of reasonable care have retired and thereby have protected himself. The principle is discussed in

the case of *Indianapolis Traction, etc., Co.* v. *Croly* (1913),·54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091, by Lairy, C. J., in which case it was held that it must appear from the evidence that the company's opportunity to prevent the injury was later in point of time than that of the injured party, and that such company failed to take advantage of the last clear chance. In *Union Traction Co.* v. *Bowen* (1915), 57 Ind. App. 661, 103 N. E. 1096, by the same judge, the above principle in the Croly case is further discussed. To the same effect are the cases of *Union. Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 116 N. E. 837; *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 669, 103 N. E. 737; *Terre Haute, etc., Traction Co.* v. *Stevenson* (1920), 189 Ind. 100, 123 N. E. 785. We hold that under the undisputed evidence produced at the trial appellee cannot recover.

The judgment is reversed, with instructions to the trial court to grant a new trial.