326    OHIO APPELLATE REPORTS.

Keller *v.* Stark Elec. Rd. Co.    [12 Ohio

## KELLER *v.* THE STARK ELECTRIC RD. CO.

*Negligence per se — Signalling interurban by standing on track.*

An intending passenger of an interurban car who steps out on the track in front of an approaching car in order to signal it, relying upon his ability to step off the track to a place of safety, voluntarily exposes himself to a known risk and is guilty of negligence as a matter of law.

(Decided January 23, 1920.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Day, Day & Wilkin* and *Mr. F. R. Marvin,* for plaintiff in error.

*Messrs. Cook, McGowan, Foote, Bushnell & Lamb,* for defendant in error.

SHOHL, P. J.   Plaintiff in error, who was plaintiff below, brought an action against the defendant in error, an interurban electric railroad company. On the evening of January 1, 1917, he went to the stop of the defendant line of railroad at a point about two and one-half miles from Alliance. He was accompanied by his wife and daughter, and intended to board a car to take his daughter to a doctor. When they heard the car whistle from the west, about a quarter of a mile away, he tried to signal with the light which had been provided for that purpose; but it did not work. Thinking that he would flag the car the best way he could, he stepped out on the track when it was about five hundred feet distant, facing the car and waving his left arm. The car had a brilliant electric headlight, which was plainly visible to him. He had on previous occasions signaled the car in the same

way, and expected it to stop, although he knew that the front end of the car would pass the point at which he was standing. He was intending to get off the track before the car reached the point where he was standing, but, either by reason of having misjudged its speed, or for some other reason, the car hit him before he had reached a place of safety.

At the conclusion of the plaintiff's evidence the court instructed the jury to render a verdict in favor of the defendant, and plaintiff prosecutes error to the judgment upon that verdict. The court below based its ruling upon the principle that Keller was guilty of negligence as a matter of law. He was a grown man, in full possession of his faculties, and placed himself in a position of known danger, relying upon his ability to step out of that position and into a place of safety. The facts bring the case within the established rule precluding recovery on the part of one who voluntarily exposes himself to a known risk. *Smith* v. *Gulf Beaumont & Great Northern Ry. Co. et al.* (Texas Civ. App.), 128 S. W. Rep., 1177; *Norfolk & Portsmouth Traction Co.* v. *White,* 109 Va., 172; *Neale* v. *Springfield Street Railway Co.,* 189 Mass., 351; *Wood* v. *Omaha Street Railway Co.,* 84 Nebr., 282, and note to same, 22 L. R. A., N. S., 228; *Chunn* v. *City & Suburban Railroad Co.,* 22 App., D. C., 551, and *Bruff* v. *Ill. Cent. Rd. Co.* (Ky., 1909), 121 S. W. Rep., 475. See also *Meeker* v. *C., D. & M. Ry. Co.,* 12 C. C., N. S., 170, and *Smith* v. *P., C., C. & St. Louis Ry. Co.,* 34 C. C., 222, affirmed 88 Ohio St., 586.

To sustain the contention that the question is one for the jury, several decisions are cited by

plaintiff in error. All of them are cases where an intending passenger crosses the track to get to a place where he can board the car. The authorities hold that in such a situation there is an implied invitation to cross that may affect the rights and duties of the parties. The rule and distinction are set forth in the case of *Karr* v. *Milwaukee Light, Heat & Traction Co.,* 132 Wis., 662, 668. Where a carrier so operates its trains at a station that a passenger is impliedly invited to cross an intervening track in going to a train, he is not necessarily guilty of contributory negligence in believing that in the face of such implied invitation to cross the movements of passing cars would be so regulated or adjusted as to permit his crossing in safety.

In the case at bar the plaintiff was to embark from the platform and had no occasion to get onto the track, and could not be regarded as impliedly invited to do so. He was in a place of safety and without invitation he voluntarily and unnecessarily left it. See *Ricciardelli* v. *N. Y. Cent. & H. Rd. Co.,* 150 N. Y. Supp., 593, affirmed 114 N. E. Rep., 1081.

The conduct of the plaintiff constituted negligence as a matter of law and the instructed verdict was proper.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges DUNLAP, VICKERY and WASHBURN of the Eighth Appellate District.