## VALENTINE v. PAVILONIS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8525. Decided Oct. 31, 1927.

Richards, Williams & Lloyd, JJ., of the 6th Dist., sitting.

Syllabus by Editorial Staff.

904. PEDESTRIANS—829. Negligence—225. Charge of Court.

1. Duty of pedestrian, after entering highway, not regulated by statute. Depends upon general principles of common law which require exercise of ordinary care under circumstances. Instruction to jury which makes case turn entirely upon question of looking or not looking, held erroneous.

2. No priority of rights between pedestrian and automobile except in so far as automobile cannot turn aside as quickly as pedestrian.

3. Pedestrian has right to assume, in absence of knowledge to the contrary, that drivers of vehicles, in street, will, themselves, exercise ordinary care.

4. Charge which confused "proximate cause" with "proximately concuring negligence" held erroneous.

Error to Common Pleas.

Judgment reversed.

A. J. Dickson and Howell, Roberts & Duncan, Cleveland, for Valentine.

Day & Day, Cleveland, for Pavilonis.

### STATEMENT OF FACTS.

On the evening of November 25th, 1926, Valentine started to walk south across Woodland Avenue at East 81st Street in the City of Cleveland. Before completing his journey across the street he was struck by an automobile driven by the defendant, and severely injured. Valentine brought an action to recover damages for the injuries so suffered. This action resulted in a verdict and judgment for the defendant. This proceeding in error is brought to secure a reversal of that judgment.

The plaintiff testified that as he reached the north curb of Woodland Avenue he looked in each direction and saw no car approaching. He did not testify as to whether he looked in either direction after he left the curb.

The court, at the request of defendant's counsel, gave to the jury before argument three several written instructions, and it is insisted by plaintiff that these contained material and prejudicial error and require a reversal of the judgment. For a reversal of the judgment the plaintiff depends chiefly on the claimed error in giving request No. 2, which reads as follows:

"I will say to you, as a matter of law, that your verdict should be for the defendant, Pavilonis, and against the plaintiff, Valentine, if you find by a preponderance of the evidence in this case that the plaintiff left the curb on the north side of Woodland Avenue and walked from the curb to the point where he was struck by the defendant's automobile without looking at all, either just before he left the curb, or while he was walking in the street, for the approach of westbound traffic on Woodland Avenue."

RICHARDS, J.

So far as the duty of plaintiff to look just before stepping from the curb is concerned, the matter is controlled by Section 6310-36 of the General Code.

The duty of the plaintiff after entering the highway is not regulated by statute but depends upon the general principles of the common law, which require that he should exercise ordinary care for his own safety, and the amount of that care would depend upon the conditions and circumstances existing at the time and place. It will be observed that instruction No. 2 makes the case turn entirely

upon the question of looking or not looking, regardless of whether the failure to look, if the plaintiff did so fail, was the proximate cause of his injury. Perchance the jury would have found, but for this instruction, that the proximate cause of the plaintiff's injury was the failure of the defendant to give a warning by sounding the horn of his automobile or otherwise, and the jury might have found, but for this instruction, that, although the plaintiff was guilty of negligence, his negligence was not a proximate cause of the injury.

The plaintiff had the same right upon the public street as the defendant's automobile, and there was no priority of right between them except in so far as the automobile could not turn aside as easily as the pedestrian. It was said by Spear, J., speaking for the Supreme Court in Cincinnati Street Railway Co. v. Snell, 54 Ohio St., 197, 205:

"As a matter of law, it is as much the duty of the vehicle to keep out of the way of the footman, and especially so at crossings, as it is for the latter to escape being run over, giving due consideration to the greater difficulty of guiding and arresting the progress of the vehicle."

In the course of the same opinion it is said, on page 208:

"We suppose the rule for street cars is the same as for other vehicles, and if the footman is required, in a crowded thoroughfare, to look up and down and wait until all possibility of collision is past, it would be like sitting on the bank until the stream should run by, and there would be but few hours in the busy part of the day when it would be practicable to cross."

This language was used by the Supreme Court more than thirty years ago, and within that time the automobile has come into common use and has added very greatly to the congestion existing on city streets and to the speed with which traffic moves.

If the jury should believe, from the testimony, that the plaintiff, while standing on the curb and just before stepping into the street, had looked to the east, and that he saw or should have seen defendant's car approaching, they would have been justified in finding that the car was from 150 to 200 feet distant and that the Raddatz car was 75 or 100 feet still farther to the east, and might have concluded that plaintiff could, in the exercise of ordinary care, undertake to cross the street. In so undertaking to walk across the street, his only duty would be to exercise such care as persons of ordinary care and prudence are accustomed to exercise under those circumstances, and he would have the right to assume, in the absence of knowledge to the contrary, that drivers of vehicles in the street would themselves be exercising ordinary care.

In view of the congestion of the traffic in busy city streets, the cases are rare indeed when a trial judge can safely instruct the jury that a given act or failure to act on the part of a pedestrian in crossing the street is negligence as a matter of law, unless it shall have been made such by statute or ordinance. Such a variety of circumstances exist and so many unforeseen dangers may arise in crossing a busy street that, in the vast majority of cases, the matter of ordinary care or its absence is distinctively one for the jury.

This court had occasion to consider the relative rights of a pedestrian crossing a public street and the driver of an autmobile thereon, in the case of Clarkson v. Clark, 157 NE. 910.

The plaintiff also insists that the trial judge erred in giving before argument the following written instruction at the request of the defendant:

"I will say to you, as a matter of law, that if you find from the evidence in this case that the plaintiff was injured because of the proximately concurring negligence of both the plaintiff himself and the defendant, then in that event your verdict should be for the defendant and against the plaintiff."

We do not think the above request contains an accurate statement of the law, for it confuses "proximate cause" with "proximately concurring negligence." It is easy to conceive that negligence may be concurring, and indeed may be "proximately concurring," and yet not be, strictly speaking, the proximate cause of the injury. The language just quoted is not an accurate statement of the rule of non-liability.

We find no prejudicial error in giving the third request, but for the error in giving before argument the requests quoted, the judgment will be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ., concur.

Judges Richards, Williams and Lloyd of the Sixth Appelate District sitting in place of Judges Sullivan, Levine and Vickery of the Eighth Appelate District.