## NOVACK, Admr., etc. v. ZALESKI.

Ohio Appeals, 9th Dist., Lorain Co.

No. 446. Decided May 4, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**225. CHARGE OF COURT—301. Contributory Negligence—1104. Statutes.**
1. In action by administrator to recover damages for wrongful death, charge that plaintiff must show that deceased was not guilty of any contributory negligence, held erroneous.
2. Although decedent was charged with knowledge of certain facts and all reasonable inferences to be drawn therefrom, inaccurate to refer to such knowledge as express or implied.
3. Error to charge section of General Code which do not have application to facts in case.

Error to Common Pleas.

Judgment reversed.

Findley & Myers, Elyria, and C. F. Adams, Lorain, for Novack.
F. M. Stevens and C. J. Maple, Elyria, for Zaleski.

### STATEMENT OF FACTS.

The parties occupy the same positions in this court that they did in the Court of Common Pleas, in which court a general verdict was rendered for the defendant and judgment entered thereon; the action being one to recover damages for the death of John Skrzypczynska.

Plaintiff's decedent, a young man about twenty years of age, while walking with another person southerly in the traveled portion of West avenue in the City of Elyria, at about 6:30 o'clock in the morning of Jan. 26, 1925, was hit from the rear by a bakery automobile truck owned by the defendant and operated by his son in his father's business, and said decedent suffered severe injuries from which he died.

The plaintiff alleges that the trial court committed prejudicial error in giving defendant's request No. 1 before argument, which is as follows, to wit:

"I charge you that while the law required the defendant to exercise reasonable care in the operation of his automobile, it does not make him an insurer against an accident to a pedestrian. The plaintiff, in order to recover in this case, must show that the negligence of the defendant was the proximate cause of the death of the deceased, and that the deceased was not guilty of any contributory negligence."

She also complains about several matters set forth in the general charge of the court.

PARDEE, J.
"The foregoing request No. 1 before argument is not a correct statement of the law, as it was not incumbent upon the plaintiff to prove that her decedent was not guilty of contributory negligence—this being an affirmative defense, the burden was upon the defendant to show that the decedent was so guilty.

Our attention was not directed to defendant's request No. 3, which was given to the jury before argument, and which is as follows:

"I charge you that negligence is not to be determined after an injury has occurred by a consideration solely of what precaution could have been taken which would have prevented the injury, but should be determined from the knowledge, either expressed or implied, that the defendant had of the danger to be foreseen or reasonably anticipated."

We are of the opinion, however, that this request does not correctly state the law, as the decedent was not required to be bound by any implied knowledge that he may have had of the danger to be foreseen or reasonably anticipated, but was required only to do those things which a reasonably prudent man would have done under the same or similar circumstances. Also, although the decedent was charged with the knowledge of certain facts and all reasonable inferences to be drawn from such facts, it is inaccurate to refer to such knowledge as express or implied. However, we do not see how, in any event, this request could be of any assistance in arriving at a proper decision in this case.

On page 257 of the record, the court in the general charge said:

"If contributory negligence is suggested by the plaintiff's own evidence offered in this case, then the burden is on the plaintiff to remove and dispel the suggestion and show that said decedent was blameless to the jury."

This likewise is not an accurate statement of the law, as the plaintiff was not required to show, under the circumstances indicated in said charge, that the decedent was blameless, as this would require the plaintiff to show that the decedent was not guilty of contributory negligence. All the plaintiff was required to do, if contributory negligence was suggested by the plaintiff's own evidence, was to furnish sufficient evidence to remove or dispel such suggestion, and she was not required to prove that said decedent was free from contributory negligence.

The court also charged GC., Secs. 6310-34 and 6310-36 as bearing upon the contributory negligence of said decedent.

As to the first of the foregoing sections, in regard to crosswalks or cinder paths, we do not believe that this law is applicable to the facts as disclosed by this record.

Bunting v. Younglas (No. 1231, Summit County, decided Feb. 21, 1927).

The last of the foregoing sections does not have any application at all to the facts of this case, as the accident did not happen when the decedent was stepping into or upon a public road or highway. Valentine v. Pavilonis, 27 O. App. 26, at p. 30.

For error in giving special request No. 1 before argument, and for other errors in the general charge as herein stated, the judgment of the trial court is reversed and the cause remanded for further proceedings as provided by law.

Washburn, PJ., and Funk, J., concur.