BRARTON v FISHER-GILDER CARTAGE & STORAGE CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 22, 1929

Mr. John Ruffalo, Youngstown, for Brarton.

Mr. Wm. E. Pfau, Youngstown, for Cartage Co.

FARR, J.

Miss Brarton was crossing this intersection at about eleven o'clock in the morning; the truck was traveling northward across Champion Street. The old lady was crossing about that time and a number of girls were also crossing, and whom she said she followed. They were leading the way. She was old, heavy, hard of hearing, somewhat tottering perhaps, and time had no doubt dimmed her eyesight. She followed with the crowd that was passing. Wilkinson, standing at the curb, was about to cross. He saw the truck coming and refrained from doing so at that time, but, more than that, he spoke to Miss Brarton as she went out into the path of danger and he said, "Lady' watch that truck." Perhaps she did not hear. Perhaps she did not see. An accident of this kind is always regrettable, but it does not follow that one who is the cause of an injury may be penalized under such circumstances save and except for proper reasons.

A case reflecting somewhat upon the situation here is the case of **Schmidt vs. Schalm, 2 App., 288.**

Another case reflecting directly upon the issue here involved is **Baking Company v. Tompkinson,** found in the **"Ohio Bar" for July 17th, 1928, page 355,** and the same case is found in **161 N. E., 283.**

In the instant case the trial court determined that Miss Brarton was guilty of contributory negligence as a matter of law; **Kellar v. Railroad, 12 App., 326.** Attention has been called to **Valentine v. Pavilonis, (6 Abs 462)** a case decided by the Appellate Court of the 8th District of Ohio, Cuyahoga County, and this case has been read but it is easily distinguished from the instant case upon the facts, and it is not believed that any relief is offered to the claimant in the case at bar by the above or the case of Griffith vs. Slaybaugh in the Court of Appeals for the District of Columbia. This cause was on review from

the Municipal Court of the District of Columbia, and there are some pertinent paragraphs set out in the opinion of Justice Van Orsdell of that court, but upon reading this opinion, especially the parts that are marked as reflecting directly upon the issues here, many good things are stated by Justice Van Orsdell, and with which this court fully agree, and yet they are not applicable, except in a general way, nor are they controlling in the instant case, because Miss Brarton was walking from the curb out into the street at the intersection with a truck approaching at a very moderate rate of speed, not more than six or seven miles per hour, and then the outstanding fact, Wilkinson, a man only fifty years of age, perhaps strong and verile, hesitating at the curb, but not only that, calling to Miss Brarton to beware of the truck, and regardless of a friendly warning from Wilkinson, the unfortunate lady travels on into the path of danger and injury. As before stated such an incident brings with it its regret, but that regret must not be made the basis or grounds to penalize those who have not really been at fault.

There is nothing here to disclose that the driver of the truck was at faul. Wilkinson says that the driver blew his horn; that he had no trouble to hear it; that the truck was traveling at a moderate rate of speed. What else could Wilkinson have done under all of the circumstances to have protected Miss Brarton? He had a right to assume that she could see and hear, because there was nothing to advise him to the contrary and he was therefore without any knowledge that she could not see or hear well.

In the light of the testimony the cause was properly arrested from the consideration of the jury and the judgment is affirmed.

Pollock and Roberts, JJ, concur.