**OHLEMACHER etc v BENNETT**

Ohio Appeals, 6th Dist, Erie County

No 291. Decided April 22, 1929

King Ramsey & Flynn, Sandusky, for Ohlemacher.

G F. Eshenroder, Sandusky, for Bennett.

WILLIAMS, J.

Plaintiff in error claims that the trial court erred in refusing to direct a verdict in favor of the defendant.

This court has held in the case of **Valentine vs. Pavilonis,** Vol. 33, Court of Appeals Opinions, Sixth District, unreported, p 33, **(6 Abs 462)** that where a pedestrian looks both ways before starting across a street and it does not appear from such testimony as to whether he looked in either direction after he left the curb, and he is struck by an automobile just before he gets to the center of the street, he can not be held to be guilty of contributory negligence as a matter of law.

In the case of Taylor vs. Bauman, Vol. 26 Court of Appeals Opinions, Sixth District, unreported, p. 9. **(1 Abs 734)** the pedestrian entered the highway in the business section of Castalia in the daytime between cars which were parked closely together and were so high as to obscure the pedestrian's vision until he passed into the street beyond the rear of the autos and was struck by an automobile as he came out from the rear of such cars, it was held that the pedestrian was not guilty of contributory negligence as a matter of law, although it did not appear from the evidence that he looked to see whether a vehicle was approaching after he had proceeded beyond the line of the automobiles. In that case the judgment was reversed on another ground and the cause remanded for a new trial. Upon retrial a verdict was returned in favor of the plaintiff, which was sustain-

ed by this court.

We cannot say that the plaintiff below was guilty of contributory negligence as a matter of law, and as there was evidence tending to show actionable negligence on the part of the defendant below, the court did not err in refusing to direct a verdict for the defendant.

It is also contended that the court erred in failing to charge the law as to **Section 6310-34, General Code,** which provides in substance that pedestrians shall not walk upon the portion of a highway travelled by vehicles except at crossings or cross walks, unless the crossings or cross walks are an unreaonable distance apart. The trial court in the charge read this section of the statute to the jury but did not comment upon it. It does appear, however, from the record, that any request was submitted by the defendant below. We think the charge is not misleading as given and that the plaintiff in error, having failed to make request that the court charge upon this subject, can not now complain.

We find that substantial justice has been done as between the parties and that there is no prejudicial error apparent upon the face of the record. The judgment will therefore be affirmed.

Richards, J, concurs. Lloyd, J, concurs in judgment.