DANIEL NEALE *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.    September 26, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.    Street Railway.*

A person standing in the snow by the side of the track of a street railway for the purpose of taking a car, who signals to a car to stop and at the same time leans forward so that the car approaching rapidly hits his head before stopping, is not in the exercise of due care.

LATHROP, J.    This is an action for personal injuries from being struck by an electric car of the defendant. In the Superior Court, at the close of the evidence for the plaintiff, the judge ruled that the plaintiff was not entitled to recover and directed a verdict for the defendant. The case is before us on the plaintiff's exceptions.

The accident occurred shortly after seven o'clock in the evening of February 23, 1903, at a point about a quarter of a mile eastwardly from the village of Feeding Hills in the town of Agawam, in a sparsely settled neighborhood. In the vicinity of the place of the accident the defendant's track runs in the highway on the southerly side of the travelled way. Westwardly from the place of the accident the highway rises in a long grade, and at the place of the accident the part of the highway occupied by the travelled way and the defendant's track is three or four feet above the level of the adjoining land south of the track, the distance between the south rail and the upper edge of the embankment being between three and four feet. There was no sidewalk or path on the south side of the track. There was snow on the ground at the time of the accident, and a snow plough had been along and cleared the track, levelling the snow on each side thereof. The plaintiff was familiar with the locality, and had frequently taken cars there.

On the evening of the accident, the plaintiff, who had come from Springfield in the afternoon to see his son, came out into the highway with his son from a house on the north side of the street, to take a car back to Springfield. Upon reaching the track the son walked up the grade to the west for some distance. The plaintiff crossed the track at a point somewhat westerly from the place of the accident and walked easterly along the south side of the track, looking back occasionally at the car which he saw approaching. When he reached the point of the accident, he stopped and waited for the car, fronting obliquely toward the track, and with his face turned toward the car. He stood in a space about two feet from the south rail, where the snow had been scraped off by the plough so as to be substantially level with the track, and beyond which was a ridge of snow about eighteen inches high. The side of the car projected about eight inches beyond the rail. As the car approached the son signalled it, and the plaintiff, leaning his head forward, also signalled it. He was struck on the head by some part of the car, but his body was not injured.

We assume in favor of the plaintiff that there was some evidence of the defendant's negligence in running at too high a rate of speed. But we are of opinion that on the evidence the

plaintiff was not in the exercise of due care. It is evident that if he had not put his head forward he would not have been struck. It is the duty of a person intending to enter a car upon a highway to take a position outside the reach of an approaching car, for it is common knowledge that a car usually passes a person who has signalled it to stop, so that he may enter by the rear end. *Cox* v. *South Shore & Boston Street Railway*, 182 Mass. 497, 499. *Garvey* v. *Rhode Island Co.* 26 R. I. 80. The same rule has been applied where a person intending to board a train on a steam railroad stands too near the edge of the platform and is struck. *Pennsylvania Railroad* v. *Bell*, 122 Penn. St. 58. *Matthews* v. *Pennsylvania Railroad*, 148 Penn. St. 491.

*Exceptions overruled.*

*J. B. Carroll & W. H. McClintock*, for the plaintiff.
*H. W. Ely & J. Barnes*, for the defendant.