## W. U. Halbert, Administrator, Appellee, v. St. Louis & Northeastern Railway Company, Appellant.

CONTRIBUTORY NEGLIGENCE—*standing in proximity to railroad tracks.* A person standing in close proximity to railroad tracks and in consequence being struck and injured, is guilty of contributory negligence when there was a platform upon which he might have stood in safety.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Reversed. Opinion filed March 4, 1909.

LOUDEN & CROW, for appellant.

MAURICE V. JOYCE and JESSE M. FREELS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee sues in this case to recover damages for the death of his intestate, Frank E. Swinhart, resulting from injuries caused by his being struck by a car of appellant at a small station called Stallings, in Madison county. There was very little controversy in the evidence and none as to the main facts, which were substantially as follows:

Appellant operated an electric railroad from Springfield, Illinois, to East St. Louis. Along its line was said station of Stallings, where what were known as limited cars stopped only on signal. Appellant provided a platform at that station, thirty-eight feet long and fifteen feet wide, alongside the track, composed of

a wooden frame filled in with cinders. There was also a railing around a portion of it and a wooden bench for waiting passengers to sit on. Steps led down from the platform to a hotel and saloon back of it. On the morning of July 1, 1907, Mr. Swinhart and two companions crossed the river from their home in St. Louis, Missouri, and took one of appellant's cars to Stallings to spend the day in fishing. Shortly before eight o'clock in the evening the party went to the station to take a car back to East St. Louis. For some reason they did not go upon the platform but stood on the right of way near the track a short distance west of the platform and from that place signalled one of appellant's limited cars aproaching from the east at the rate of about forty or forty-five miles an hour. This car was fifty-three and a half feet long and fifteen feet wide, extended two feet ten inches beyond the rail, had a door at the rear for passengers to enter and was equipped with a head light, which was burning. The three men stood in a row nearly together but Swinhart was a little west of the other two, which made him furthest from the platform and approaching car. At the time they first observed the car, it was coming around a curve about a 1000 feet east of the platform and they at once commenced to signal it, Swinhart by waving his hand and the other two by waving articles of apparel. When the car reached a point from 300 to 350 feet from them, the motorman saw the signal, applied the brakes and sounded the whistle for the usual stop signal. When it was some forty or fifty feet from the men, as it was apparent the car was not going to stop at the platform the motorman applied the emergency brake, but the car failed to stop until it had run some 300 feet west of the platform. As the car approached, Swinhart leaned towards the track, reaching his head forward and said ''I believe she is going to stop,'' when the front end of the car struck him on the head knocking him down the embankment some twenty-five or thirty feet away from the rail-

road track and inflicting the injuries from which he shortly afterwards died.

Appellee in his declaration charged appellant with negligence in running its electric car at a high and dangerous rate of speed past a station where deceased was waiting to get on, in not stopping the car at the station, and in not having a good and sufficient platform where deceased and other passengers could stand in safety while waiting for a car. The jury gave appellee a verdict for $8,000, but $5,000 of this amount was remitted and judgment entered by the court below for $3,000.

Appellant took proper steps to raise the question of the sufficiency of the evidence to sustain the verdict and while other questions are also raised, it will be unnecessary for us to consider any but those which concern the facts.

It appears to us that appellee failed to show by a preponderance of the evidence that appellant was guilty of negligence at the time Swinhart received his injuries, as the evidence was that the speed at which the car was running was not a dangerous one, that the company had provided a sufficient and safe platform for its passengers and that the car was stopped by the motorman as soon as he could do so with safety after he saw the signals. But waiving that question, we are of opinion appellee cannot recover in this case, for the reason, the uncontroverted evidence in the case shows, that at the time Swinhart was struck by the car he was not in the exercise of ordinary care for his own safety, and that his negligence contributed to bring about the unfortunate result. It appears from the evidence that there was ample room for him and his companions to stand upon the platform prepared by appellant for its passengers, where he could have remained in safety. No reason whatever appears why he and his companions chose to stand beside the track in the dusk of the evening beyond the platform, in a place which might readily become, as it did, dangerous

FOURTH DISTRICT—MARCH, 1909.    319

to one who did not use care to protect himself from a passing car. Mr. Swinhart saw the car coming and was fully advised of the situation, but evidently misjudged the speed at which it was running. The fact that deceased may have thought the car was going to stop at the platform gave him no more right to stand in dangerous proximity to the track beyond the platform than it would have given him to stand in the middle of the track.

As in our view of the case the undisputed facts cannot warrant a recovery, the judgment of the court below will be reversed but the case will not be remanded.

*Reversed.*

Finding of facts, to be incorporated in the judgment: The court finds that at the time appellee's intestate, Frank E. Swinhart, was struck by appellant's car and received the injuries from which he subsequently died, he was not in the exercise of ordinary care for his own safety, but was guilty of negligence which contributed to cause his injuries.