FRANK J. HIGGINS, ADMINISTRATOR OF SIMON CLEARY, DECEASED, APPELLANT, v. ERIE RAILROAD COMPANY AND WELLS-FARGO & COMPANY, RESPONDENTS.

Argued June 23, 1916—Decided November 20, 1916.

1. An express company engaged in transporting merchandise for hire is not a "common carrier by railroad" because it contracts with a railroad company for transportation of such merchandise, and therefore is not subject to the provisions of the act of the congress of the United States relating to the liability of common carriers to their employes in certain cases, approved April 22d, 1908.

2. The plaintiff's intestate was the servant of an express company, and in the performance of his service was drawing a truck along the platform of a railroad company so near its edge that the rear of the truck was struck by a passing engine and the collision caused him to be thrown under it, which ran over and killed him. He had been in the service long enough to know that engines were constantly passing along the rails next to the platform, which was of sufficient width to allow him to keep the truck beyond the danger of being struck by that part of the engine which ordinarily overlaps the edge of the platform, and the accident happened because the deceased was pulling the truck within the range of that part of the engine which usually overlaps a properly constructed platform. *Held,* that the negligence of the deceased contributed to the accident and the railroad company was not liable.

On error to the Supreme Court.

For the appellant, *Alexander Simpson.*

For the respondents, *Collins & Corbin.*

The opinion of the court was delivered by

BERGEN, J. This action was instituted against the Erie Railroad Company and the Wells-Fargo & Company to recover damages for the death of the plaintiff's intestate. The liability of the Wells-Fargo & Company is rested on the federal statute entitled "An act relating to the liability of common carriers to their employes in certain cases," approved April 22d, 1908, and that of the railroad company on the negligent operation of one of its engines. The trial court directed a nonsuit as to each defendant from which the plaintiff appeals. At the close of the plaintiff's case the following facts were established: The Wells-Fargo & Company was engaged in what is usually called an express business, receiving, transporting and delivering articles of merchandise for hire, and in conducting this business used, among others, the railway facilities of the defendant company, and employed a number of persons, of whom the deceased was one, to load and unload the merchandise at the railroad company's terminal in Jersey City, and in doing this it was necessary to use

trucks, moving them along platforms provided by the railroad company. The deceased was in the service of the Wells-Fargo & Company, and not of the railroad company, and on the day of the accident was pulling an empty truck, which had only a single handle, along a platform to meet an incoming car, and while he was doing this drew the truck so near the edge of the platform that it was struck by a part of one of the engines of the railroad company, which overlapped the platform, the force of which threw the handle of the truck against the deceased causing him to fall on the track so near the engine that three wheels of the tender ran over his body and killed him. It is not claimed that the platform was a faulty construction or that the overlap was unusual. It further appeared that the deceased had worked there for two weeks; that trains and engines were constantly running along the platform, some going in, and others backing out with the tender first in order to reach a switch, all of which was within the observation of the deceased. Plaintiff produced but two witnesses who saw the accident, one a passenger who had just alighted from a train who testified that the deceased was pulling the truck with his back towards the approaching engine, which was backing out with tender ahead, and that the truck was so near the edge of the platform that the tender struck about an inch of the truck, the collision throwing the deceased under the tender. The other witness was the fireman running the engine, who said that he saw the man and the truck as he was approaching, both being far enough away to clear the engine, but that just as the tender reached the truck the deceased turned as if to cross the platform which threw the truck against the overlapping beam of the tender, and, although he put on the brake and reversed his engine at once, some of the wheels of the tender ran over the deceased. So, we have this situation, either the deceased was drawing the truck so near the edge of the platform that it was in danger of being struck by the overlap of the tender, or that the deceased by turning the truck brought it against the tender.

In either case the truck must have been very near the edge

of the platform, which was of sufficient width to allow the deceased to keep beyond the danger of being hit by passing engines. The case of the defendant Wells-Fargo & Company manifestly does not fall within the purview of the act of congress relied upon by the plaintiff, for it is not a common carrier "by railroad," to which class of carriers alone the statute applies, and, therefore, as to this defendant, the nonsuit was correct. As to the other defendant, the Erie Railroad Company, we think the undisputed evidence shows that the deceased contributed to the accident, even if the defendant was guilty of negligence in operation of its engine, a question we are not called upon to determine in this case.

The law is well settled in this state that where a person places himself so near the edge of a railroad platform as to be within the line of the ordinary overhang of a properly-constructed platform and engine he contributes to the injury, and the company is not liable for the injuries he may suffer from such negligent exposure to danger. *Dotson* v. *Erie Railroad Co.,* 68 *N. J. L.* 679. In this case we have this condition: The deceased was employed in a terminal station, where he must have known from ordinary observation that engines were passing constantly along the station platform; that they were being run both forward and backward, and that they overlapped the platform in an ordinary manner, still, with this knowledge, he drew the truck so near the edge of the platform as to be within the range of the overlap. If he had been walking along the platform with his back to the engine, so near the edge as to have been struck by the overlap, the case would be precisely that shown in *Dotson* v. *Erie Railroad Co., supra,* in which this court held that plaintiff could not recover, and clearly the rule is not affected because the deceased, instead of standing in a place which common knowledge teaches is dangerous, places a truck which he is drawing in a like position, and which if struck by a passing train will probably injure him. The negligence of the defendant's servant does not excuse the contributory negligence of the plaintiff.

The judgment appealed from is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—MINTURN, KALISCH, GARDNER, JJ. 3.