ALBERT MANN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 12, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Contributory, In elevated railway station.

A passenger of a street railway company who, familiar with conditions of transportation at a certain station and with the frequency of the passing of cars there, knowingly stands on a platform there at a point from which he had an unobstructed view of one hundred and sixty feet of the track, and so near the track as to be in danger from a passing car, cannot maintain an action against the company if he is struck by a passing car, although he neither saw nor heard it approach and it could be found that no gong nor bell was sounded.

TORT for personal injuries received when the plaintiff was struck by a street car of the defendant as he was waiting at the elevated station at Sullivan Square in Boston. Writ dated June 26, 1923.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict in its favor be ordered. The motion was denied. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*C. W. Mulcahy*, for the defendant.

*S. H. Davis*, for the plaintiff.

BRALEY, J. The jury could find that the plaintiff, a passenger upon an elevated train of the defendant going north, came in some five or ten minutes before the accident at the upper level of the Sullivan Square Station in Boston, a plan of which with the location of tracks and platforms or levels forms part of the exceptions. He intended to take a surface car for Stoneham which would come in on track "A," while the elevated trains ran on the north bound track. After his arrival he waited on the platform for a surface car to Stoneham, and then walked to the southerly end of the station and entered the room designated "Men" on the plan. A few moments after, he left this room and walked diagonally across track "B" to a point opposite the arrow shown on track "A," where he was struck by a car. The plaintiff testified he was standing about a foot from track "A," over which a car projects beyond the rail about a foot, and knew that if so standing there was danger of injury from a passing car. While he looked with an unobstructed view, from where he stood, of one hundred and sixty feet of the track, he also said that he neither saw nor heard the car, and it could be found that no gong or bell was sounded. It is plain under his admission of familiarity with the conditions of transportation, because of frequently passing through the station, that on his own statements he placed himself too near the edge of the platform; a position of danger which contributed to his injuries. *Hurd* v. *Eastern Massachusetts Street Railway*, 254 Mass. 204. If he had

been a pedestrian on a public way waiting to board a car, it is settled, that he could not recover, and even if he was a passenger changing cars during transit the same rule applies. *Neale* v. *Springfield Street Railway*, 189 Mass. 351. See *Hutchinson* v. *Boston & Maine Railroad*, 219 Mass. 389. The exceptions must be sustained and judgment is to be entered for the defendant.

*So ordered.*