No. 27,910.

GEORGE KERN, *Appellee*, v. THE KANSAS CITY, LEAVENWORTH
& WESTERN RAILWAY COMPANY, *Appellant*.

(264 Pac. 1067.)

SYLLABUS BY THE COURT.

STREET RAILROADS — *Injury to Party Waiting Near Track — Contributory Neg-
ligence.* A person who intends to get on an electric interurban railroad car
as a passenger at a place provided for that purpose, who goes to the place,
sees a car approaching, and signals it to stop, but stands so close to the track
that he is struck by the projecting steps on the car as it passes him is guilty
of such contributory negligence as prevents his recovery for the injuries sus-
tained by him.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS,
judge. Opinion filed March 10, 1928. Reversed.

*McCabe Moore, F. H. McKim,* both of Kansas City, *Robert Stone, James
A. McClure, Beryl Johnson, Robert L. Webb, George McDermott,* all of
Topeka, *H. M. Langworthy, Byron Spencer* and *Frank H. Terrell,* all of Kansas
City, Mo., for the appellant.

*W. W. McCanles,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The plaintiff recovered a judgment in the sum of
$12,500 for damages sustained by him from being knocked down by
an electric interurban railroad car operated by the defendant. The
defendant appeals.

The plaintiff's evidence established that the defendant was oper-
ating a line of electric railroad from the Soldiers' Home in Leaven-
worth county to and into the city of Leavenworth; that the plaintiff
desired to get on a car going from the Soldiers' Home to the city, and
for that purpose went, in the nighttime, to a stopping place on the
railroad tracks of the defendant; that he had boarded a car at that
place a number of times and was familiar with it; that a paved high-
way ran along the side of the railroad tracks where the plaintiff was
standing; that the paved highway was about three or four feet from
the closest rail of the railroad track; that a car approached; that
he signaled the car to stop; that he watched the car approaching
him; that the car did not stop where the plaintiff stood, but ran

Carriers, 10 C. J. pp. 1067 n. 79, 1110 n. 4. Street Railroads, 22 L. R. A. n. s.
228; 25 R. C. L. 1265.

Kern v. Kansas City, L. & W. Rly. Co.

past him; and that he then stood so near the railroad track that the step used by passengers to get on the car and extending from the side of the car a distance of approximately one foot, struck him, knocked· him down, and injured him.

Special questions were submitted to the jury, which were answered as follows:

### "Questions Requested by Defendant.

"1. Was plaintiff negligent in getting so close to the track of the defendant railway company that the passing car of the defendant railway company could come in contact with him? A. No.

"2. When plaintiff stood on the right of way of defendant railway company in dangerous proximity to the car of defendant railway company, which came in contact with him, was there anything to prevent him from stepping back a foot or two and be in a place of safety? A. Yes.

"3. If you answer the above question in the affirmative, state what it was. A. Victory highway.

"4. Was plaintiff using ordinary care for his own safety when he was struck by the step of the railway company's car? A. Yes.

"5. What did plaintiff do to prevent his being struck by the step of the car of defendant railway company? A. Signaled car to stop.

"6. When plaintiff came· in dangerous proximity to defendant railway company's car, did he exercise ordinary care to extricate himself from such dangerous position? A. Yes.

"7. If you answer the above question in the affirmative, state what he did. A. Remained in place provided by company.

### "Questions Requested by Plaintiff.

"1. How far was plaintiff standing from the street-car tracks at the time he was struck? A. About‧ thirty inches.

"2. Was the plaintiff standing at the usual stopping place for the defendant's street cars? A. Yes.

"3. Was the plaintiff standing at the only place provided by the defendant for passengers to stand while waiting for its northbound street cars? A. Yes.

"4. Was the plaintiff standing as far away from the defendant's street-car tracks as he could while standing on the place provided by the defendant for its prospective passengers to stand? A. No.

"5. Did the plaintiff believe that he was standing far enough from the street-car tracks to avoid being struck by the street car? A. Yes.

"6. How fast was the street car running as it approached the place where the plaintiff was standing? A. About twenty miles per hour.

"7. Did the motorman sound any gong or signal of warning as he approached the plaintiff? A. No.

"8. How far away was the plaintiff from the street car when the motorman first saw him standing by the track? A. About 125 feet.

"9. In what distance could the motorman have stopped the ·street car in question by the use of the means and appliances at his command at the

time and place in question, in safety to the passengers and the equipment of the street car? A. Seventy-five feet.

"10. Did the plaintiff wave his hand and strike a match to notify the motorman of his presence and for the motorman to stop the street car when the street car was two hundred feet away? A. Yes.

"11. Did the plaintiff think the street car was stopping? A. Yes.

"12. Did the plaintiff think the street car was going to stop? A. Yes."

The defendant demurred to the evidence of the plaintiff; that demurrer was overruled. The defendant requested the court to instruct the jury to return a verdict in favor of the defendant, which request was refused. The defendant filed a motion for judgment on the findings of the jury; that motion was denied. These present but one question, and that is: Can the plaintiff recover damages sustained by him when he saw the car approaching and stood so near the track that in passing it knocked him down and injured him?

The jury in an answer to a specific question found that the plaintiff had not been guilty of negligence, but in answer to other questions found a set of facts which showed that he was guilty of negligence which contributed to his injury.

This court has, on several occasions, decided cases somewhat analogous to the present one.

In *Senning v. Interurban Railway Co.*, 101 Kan. 78, 165 Pac. 863, this court said:

"In an action against an interurban electric railway company the plaintiff's evidence tended to show these facts: He came to the company's station about dusk with friends who were leaving. After they had boarded the car and before it started he went down into the space between it and the station platform to look for a coin his little daughter had dropped. The platform was about two feet above the ground and five feet from the track. Passengers were received and discharged by a gangplank laid to the rear steps. As the defendant was stooping over, facing away from the car, it started without any signal being given, and as the front wheels turned in the other direction on a curve the rear step protruded and struck him. *Held,*

"1. In the aspect most favorable to the plaintiff, he was but a licensee while in the place between the platform and the track, and the company owed him no duty to give him warning of the starting of the car.

"2. If such a duty had been owing to him the omission to perform it would have constituted mere negligence and not wanton misconduct.

"3. In that case his own failure to use reasonable care for his safety would bar a recovery." (Syl.)

Kern v. Kansas City, L. & W. Rly. Co.

In *Grisham v. Traction Co.,* 104 Kan. 712, 181 Pac. 119, this court said:

"A woman who is killed while attempting to cross an electric interurban railroad track, in front of a rapidly approaching car, which she sees, or can see if she looks, and which she intends to board as a passenger, is guilty of contributory negligence as a matter of law, and her husband cannot recover the damages sustained by him on account of her death." (Syl.)

Another case is *Weir v. Railways Co.,* 108 Kan. 610, 196 Pac. 442, where the rule was declared to be that—

"It is the duty of one walking in the street close to a street-car track in which there is a curve, and who is aware of the track on which cars are frequently passing and of the curve in the track, and is capable of taking care of herself, to take heed of the perils of the place and step aside to an available place of safety; and where she fails to do so, even when the front end of the car passes her, and is injured by the hind end of the car as it takes the curve, she will be deemed to be guilty of such contributory negligence as will bar a recovery for the injuries sustained."

Following these rules, it must be declared that the plaintiff was guilty of such contributory negligence as prevents his recovery. The demurrer to the evidence of the plaintiff should have been sustained. The evidence should not have been submitted to the jury. Judgment should have been rendered in favor of the defendant on the answers to the special questions submitted to the jury. This conclusion is supported by *Halbert v. St. Louis & Northeastern Ry. Co.,* 147 Ill. App. 316; *Eckhart v. Marion, etc., Traction Co.,* 59 Ind. App. 217; *Neale v. Springfield Street Railway,* 189 Mass. 351; *Hutchinson v. Boston & Maine Railroad,* 219 Mass. 389; *Dotson v. Erie R. R. Co.,* 68 N. J. L. 679; *Loder v. Metropolitan St. Ry. Co.,* 82 N. Y. S. 957; *Creenan v. International Ry. Co.,* 124 N. Y. S. 360; *Garvey v. Rhode Island Company,* 26 R. I. 80; *Townsend v. Houston Electric Co.,* [Tex. Civ. App.] 154 S. W. 629; and *Kaiser v. Northern Pac. Ry. Co.,* 203 Fed. 933. Outside this state there are cases to the contrary, but the weight of outside authority supports the conclusion here reached.

The judgment is reversed, and judgment is rendered in favor of the defendant.