HELEN C. NOTARO *vs.* BOSTON ELEVATED RAILWAY COMPANY.

MICHAEL N. NOTARO *vs.* SAME.

Suffolk. November 10, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Contributory.

A passenger of a street railway company, who has alighted upon a reserved space laid out by street commissioners for the railway and, intending to take another street car at the same point, stands in a position so near to an approaching street car that he is struck by it, is guilty of contributory negligence as a matter of law and cannot recover in an action against the company for injuries so received.

TWO ACTIONS OF TORT, the first for personal injuries and the second, by the husband of the plaintiff in the first, for consequential damages. Writs dated January 23, 1928.

In the Superior Court, the actions were tried together before *Dillon,* J. Material evidence is described in the opinion. Verdicts were ordered for the defendant, and the plaintiffs alleged exceptions.

*F. S. Deitrick,* for the plaintiffs.

*C. W. Mulcahy,* for the defendant.

CARROLL, J. The defendant's tracks were located in a public way at the place in question upon a reserved space laid out by the street commissioners of Boston under statutory authority. The plaintiff Helen C. Notaro, hereafter called the plaintiff, was struck by one of the

defendant's cars while standing on this reservation. She arrived at Upham's Corner in a street car of the defendant about twenty minutes after five o'clock on the afternoon of October 24, 1927, about three minutes before the accident. She "alighted from the car upon which she had been riding at that point, and intended to take another car at the same point which would carry her nearer to her home" in Dorchester. She testified, in effect, "that she got off pretty near the outward end of the reservation"; that she was standing there about three or four minutes; that she saw the car coming, it stopped about twelve feet from where she was standing, and started without a signal; that as it moved, she was struck by the front end of it; that the "street car stop was where it is indicated on the map by a white pole, but that she had seen cars stop all in along this reservation at Upham's Corner time and time again; that she never knew there was any special stop, and had taken the car at different parts of the reservation several times." There was evidence that there was "not much space on the reservation," that the car extends over the rail about twenty-two inches. The plaintiff testified that "the crowd surged forward a little bit and she might have been moved a little, but she did not change her position herself during the time the car was stopped."

From this brief statement of the facts it is apparent that the plaintiff placed herself in a position so near to the approaching car that she contributed to her injuries. It has been decided that if a person intending to enter a car upon a public highway stands so near the track that he is struck by the car, he cannot recover; that his own neglect contributes to the injury; that it is his duty to take a position outside the reach of the approaching car. *Neale* v. *Springfield Street Railway*, 189 Mass. 351. See *Hurd* v. *Eastern Massachusetts Street Railway*, 254 Mass. 204. In *Mann* v. *Boston Elevated Railway*, 256 Mass. 236, the same principle was applied when one familiar with the conditions of transportation stood upon the station platform so near the track that he was struck by a car passing through the

station, although no signal of its approach was given. The principle of these cases is applicable here. The plaintiff was on a public reservation. She stood so near the track that she was struck. She selected the place to stand. Her misjudgment of the distance from the car was not the fault of the defendant. The fact that the crowd surged forward and "she might have been moved a little" does not excuse her. She admitted she did not change her position. Even if she were within a safety zone at the time, she was free to choose the place where she was to stand.

*Nolan* v. *Boston Elevated Railway*, 271 Mass. 375, relied on by the plaintiffs, is to be distinguished. In that case the plaintiff was on duty as a policeman directing traffic from a traffic box. At some time after he began his work the box, without his knowledge, moved so that it was struck by one of the defendant's cars. We find nothing in the cases cited by the plaintiffs in conflict with what is here decided.

The verdicts for the defendant were ordered properly. In each case the entry must be

*Exceptions overruled.*