No. 29,641.

NOAH TURNER et al., as next of Kin of Mary Turner, Deceased, *Appellants*, v. JOHN F. LAYING, Receiver for THE UNION TRACTION COMPANY, *Appellee*.

(294 Pac. 665.)

 Opinion filed January 10, 1931. 

*A. L. Billings*, of Independence, for the appellants.
*Chester Stevens*, of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the sons and daughters, the sole heirs, of Mary Turner for damages for the negligent killing of their mother by a car operated on defendant's interurban railway. A demurrer to the evidence of plaintiffs was sustained. Plaintiffs appeal.

The deceased, with her daughter, had been in the country on a visit. On the night of her death the two, at about the time for the interurban, went to the shelter house of defendant at Stop 28. They heard a car coming and crossed the tracks in order to be on the proper side to board it. The mother stood at the end of the ties and leaning over the rails waved her handkerchief as a signal for the car to stop. This did not prove to be the regular passenger car on this line, but was a baggage car running about five minutes ahead of the schedule of the passenger car. Appellants insist in their brief that the motorman gave a signal when he was about 200 feet from where the deceased was struck, but the record does not disclose any

evidence to that effect. At any rate, the car did not stop, but kept on coming and struck Mother Turner, killing her. The evidence was that mother and daughter were standing side by side, both at an equal distance from the tracks, and that notwithstanding the daughter did not step back, the mother was struck and the daughter was not, indicating that the death of the mother was caused by her leaning over the track. There is reference in the brief of appellants to the effect that the regular stop of the car at this station was about twenty-five feet from where Mrs. Turner was struck. We are, however, unable to find any evidence of this in the record. The defendant demurred to the evidence of plaintiffs on the grounds that there was no cause of action proven; that is, no negligence on the part of the railroad company, and that deceased was guilty of contributory negligence. The lower court sustained the demurrer on both grounds. We think the ruling of the court was correct.

Appellants claim that the company was negligent in that the motorman drove the car at a reckless and needless rate of speed at the time the mother was killed. There is no evidence in the record that indicates that. Another ground is that the motorman failed to stop after he indicated that he would. We are unable to find any evidence that he did so signal. Another ground urged is that the motorman failed to use reasonable care after seeing deceased continuously and persistently in apparent danger leaning over the tracks. What reasonable care was required of him? He must have seen the woman and knew that she was signaling him to stop. If he knew that she thought the car she was signaling was a passenger car there is no reason why he would conclude that she would remain leaning over the rail and continue signaling until the car actually arrived at a place where it could strike her. He had every reason to believe that she would straighten up and thereby escape injury. Even had this been the regular passenger car this would have been the case, and much more so when it was a car that was not expected to stop at this place and was not expected to be signaled to stop. We are unable to see any negligence at all on the part of the railroad company in the manner in which this car was operated on the night that Mrs. Turner was killed. The evidence was that they could see the car coming for a long distance. There were no peculiar circumstances or surroundings at this stop which made any extra precaution necessary, and there is no evi-

dence that anything unusual transpired with reference to the manner in which this car was operated on the night in question. Another ground urged by the appellant is that the motorman failed to give any warning to her that she was in danger of collision during all the time he saw her and during all of which time he had his car in perfect control. What warning should he give the woman? He knew that she saw the car coming because she was evidently over the tracks signaling to it. The rule is that signals on the part of trains are to attract the attention of people to the fact that a train is coming. We fail to see where the failure to signal the deceased in this case was negligence on the part of the operator of the car in view of the fact that she already was warned of everything of which a signal could make her aware. There are some other grounds of negligence touched upon by the appellant, but they are largely repetition and do not present any ground for reversing this case.

The rule of this court established in *Kern v. Kansas City, L. & W. Rly. Co.*, 125 Kan. 506, 264 Pac. 1067, appears to us to be decisive in this case on the ground of contributory negligence. The judgment is affirmed.