## BARRAGATE v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11565. Decided July 7, 1931

Irwin Geiger, Cleveland, for Barrigate.
Squire, Sanders & Dempsey, Cleveland, for Railway Co.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, (4th Dist), sitting.

510

MAUCK, J.

At the former hearing of this case we indicated that the judgment below should be reversed on the ground that at the time of her injury the plaintiff was a passenger upon defendant's car, and that it was a question of fact as to whether the defendant had under the circumstances afforded her the protection which it owed her. It did not seem to us that such cases as **Y. & S. Railway Co. v Faulk, 118 Oh St 480** and Notaro v Boston Elevated Railway Co. 173 N.E. 431, were in any sort of an analogy to the case at bar. We cited Franz v Holyoke, 132 N.E. 270 as an adequate expression of the general rule that a carrier owes some duty to protect a passenger on its cars, and that that duty is measured by what the carrier might know of the probable danger to which she would be subject. The later Massachusetts case of Dullea v Boston Elevated Ry. Co. 146 N.E. 237, does not expressly depart from the rule laid down in the Franz case, and indicates that a carrier is liable for the passenger's injury if it reasonably could have anticipated that a crowd would be present and likely to act in a manner dangerous to a passenger. This is the general rule, the question being generously discussed in the annotations found in 15 A. L. R. 868 and 42 A. L. R. 168. In the instant case it was proposed to prove that at the place where the plaintiff had boarded the defendant's car there was accustomed to gather for transportation on the particular car upon which the plaintiff was a passenger such large crowds that at the time when this particular car was scheduled to move vehicular traffic was barred from the street for the accommodation of this crowd.

Certainly the law does not impose upon the street railway the duty of policing this street even though it and its prospective customers practically monopolize the street at the time. For the conduct of these prospective patrons in the street the defendant is to no degree liable. It does not follow, however, that the defendant has no liability for what is done to its passengers upon its cars. If it knows that these prospective passengers are going to swarm on its cars in a boisterous and violent manner in order to secure seats, and that the violence of this mass movement of prospective passengers may result in injury to one who is a passenger, it is a question for the jury whether the conductor on such a car should not attempt to so direct and control the loading of the car as to avoid injuring those who have contracted with the carrier for reasonable protection and have placed themselves on the car under that understanding.

We adhere to the view expressed in our former opinion that this case should have been submitted to the jury. Understanding that the former entry of reversal has been vacated, an entry may now be placed upon the journal reversing the judgment and remanding the case with direction that it be submitted to the jury in accordance with law.

Judgment reversed.

MIDDLETON and BLOSSER, JJ, concur.