[Civ. No. 10184. First Appellate District, Division One.—April 13, 1937.]

CARRIE McKEOWN, Respondent, v. NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation) et al., Appellants.

Orrick, Palmer & Dahlquist for Appellants.

Douglas A. Nye, Ingemar E. Hoberg and Carlos R. Freitas for Respondent.

THE COURT.—An action to recover for personal injuries in which a judgment was entered for the plaintiff.

The plaintiff, who was about 45 years of age, had for several years commuted daily from Mill Valley to San Francisco. It was her custom to board defendant railroad company's electric train at its station at Mill Valley and proceed by a connecting boat to San Francisco. The station was the end of the line, and defendant's trains ran from Sausalito to Mill Valley and then returned. At the Mill Valley station the defendant had provided concrete platforms on both sides and between the tracks. These were raised about ten inches above the tracks. The trains were operated by power received through a third rail which at this station was situated on the east side of the tracks. There was maintained over the top of this rail and flush with the platform a wooden plank or cover about 13½ inches in width, under which ran the shoe connecting the train with the rail. This cover was painted gray and somewhat resembled the color of the adjoining concrete. The train of the type which caused injury to the plaintiff overhung this cover, the total overhang being estimated to be from 13½ inches to 14½ inches. On the west side of the tracks there was no third rail. On that side the overhang of the train was some three or four inches. Plaintiff testified that she had previously boarded trains from the west side, but on the morning of the accident, while awaiting its arrival from Sausalito, she walked for a distance along the center platform in that direction. When she heard the whistle of the approaching train she turned and walked back toward the station. She testified that she knew of its approach on the south track, which was on her left as she turned back. She proceeded to the station without looking toward the approaching train. According to her testimony, as she walked along the concrete the center of her body was about 18 inches from the extreme outer edge of the third rail cover. In this position it is clear that her left arm and shoulder were on a vertical line within but a few inches of the edge of the cover. The engineer saw the plaintiff when the train was approximately 216 feet away. That the whistle was sounded and the bell

rung is admitted, but whether the whistle sounded immediately before she was struck or afterwards is disputed, but it is admitted that the bell rang continuously. According to the engineer, when he caught sight of the plaintiff the train was traveling from 15 to 18 miles an hour. He also testified that as the train approached the plaintiff deviated from her course and moved nearer to the edge of the platform. Another witness standing on the platform corroborated this but it is denied by plaintiff. The engineer also testified that he realized her danger when about half the length of a car away, and immediately applied the emergency brakes. The train stopped at a point beyond the place where plaintiff was standing. As it passed it struck the plaintiff's left arm and caused the injuries of which plaintiff complains.

The defendant company, which has appealed, contends that no negligence on its part appears and that the facts show plaintiff to have been guilty of contributory negligence.

The plaintiff conceded that the defendant was required, by an order of the railroad commission, to place the cover over the third rail flush with the platform, and the record contains no evidence reasonably supporting the conclusion that it was negligent in the construction or maintenance of its station or the approaches to its tracks.

On the issue of contributory negligence the facts of the present case resemble those of *Holmes* v. *South Pacific Coast Ry. Co.*, 97 Cal. 161 [31 Pac. 834], where the person injured was walking in dangerous proximity to the defendant's track with his back turned to an approaching train. The court, in affirming a judgment in favor of defendant railroad, said: "The accident occurred in the day time, and the train could have been seen by deceased in ample time for him to have escaped injury, if he had looked in the direction from which it came after it was in sight of the station, or had listened for its approach." There it does not appear that the decedent knew of its approach although warning signals were given; but in the case at bar it is admitted that plaintiff knew the fact and, whether she veered toward the track or continued on her original course, should have known as an ordinarily prudent person that her position was one of hazard. As shown by the many cases cited by defendant where accidents of this character have been considered, it is the uniform rule that where a passenger places himself so

near the edge of a railroad platform as to be within the line of the ordinary overhang of a train, he contributes to the injury and other things being equal, cannot recover. (*Higgins* v. *Erie R. R. Co.*, 89 N. J. L. 629 [99 Atl. 98]; *Kern* v. *Kansas City etc. Ry. Co.*, 125 Kan. 506 [264 Pac. 1067]; *Southern Ry. Co.* v. *Bailey*, 110 Va. 833 [67 S. E. 365, 27 L. R. A. (N. S.) 379]; *Foreman Trust etc. Bank* v. *Chicago etc. Co.*, 252 Ill. App. 151; *Tanner* v. *Missouri Pac. Ry. Co.*, 161 Mo. 497 [61 S. W. 826]; *Norfolk & Western Ry. Co.* v. *Hawkes*, 102 Va. 452 [46 S. E. 471]; *Edgerton* v. *B. & O. Ry. Co.*, (Dist. of Columbia) 6 App. D. C. 516; *Pond* v. *Connecticut Co.*, 95 Conn. 437 [111 Atl. 621]; *Butler* v. *United Rys.*, 293 Mo. 259 [238 S. W. 1077]; *Louisville & R. Co.* v. *Glasgow*, 179 Ala. 251 [60 So. 103, 105]; *Mann* v. *Boston Elevated Ry. Co.*, 256 Mass. 236 [152 N. E. 741].) While it is apparent that plaintiff thought herself safe, still she was a mature person of intelligence, and the overhang of the train was not such as to show negligence in that regard by the defendant. As was said in one of the cases above cited which involved a like situation, ''It makes no difference that danger was not in the plaintiff's mind. Such thoughtlessness cannot be charged to defendant company.'' As held in *Holmes* v. *South Pacific Coast etc. Ry. Co.*, *supra*, ''a railroad track on which trains are constantly running is itself a warning to any person who has reached years of discretion and who is possessed of ordinary intelligence that it is not safe to walk upon it, or near enough to be struck by a passing train, without the exercise of constant vigilance . . . and the failure of such person to exercise such care and watchfulness, and to make use of all his senses in order to avoid the danger incident to such a situation, is negligence *per se*''.

█ While the present case presents a clear instance of negligence on the part of the injured person, the plaintiff suggests that, although the question was not submitted to the jury by an instruction, the evidence permits the application of the last clear chance doctrine.

The evidence shows that the engineer first saw the plaintiff when the train was approximately 216 feet away, and realized that she was in a position of danger when the train was about a half car length, or 36 feet, from her. He then applied the emergency brakes and brought the train to a stop about 36 feet beyond the point where she was struck. One of the wit-

nesses testified that the train went 72 feet beyond this point, and, according to another, the train was brought to a sudden stop. There was no other testimony on this question. Repeated signals from the approaching train had been given, and the plaintiff knew it was approaching. Unless the engineer knew, or had reason to believe, that she was not from some cause possessed of ordinary ability to care for herself, he had a right to presume that she would take ordinary precautions to protect herself from injury (*Green* v. *Southern Pac. Co.*, 122 Cal. 563 [55 Pac. 577]). We think the only reasonable conclusion from the undisputed facts is that the engineer used ordinary care to avoid the injury. The last clear chance doctrine was not devised as a last resort to fasten liability on the defendant (*Barnett* v. *Atchison etc. Ry. Co.*, 99 Cal. App. 310 [278 Pac. 443]), and to apply it to the facts of the present case would carry it beyond the limits of the decisions as well as of reason.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 13, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1937.