SINCLAIR v. GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    The evidence must be construed as strongly as possible in plaintiff's favor on appeal from order granting defendant's motion for directed verdict.

2. RAILROADS—PROSPECTIVE PASSENGER—STATION PLATFORM—CONTRIBUTORY NEGLIGENCE.
    Plaintiff, a prospective passenger of defendant railroad, 17 years and 8 months of age, who was taking a moving picture of defendant's locomotive as it approached the platform, near

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2, 3] 10 Am Jur, Carriers § 1524; 44 Am Jur, Railroads § 476.
[4] 38 Am Jur, Negligence § 348.

edge of which plaintiff was standing, *held*, guilty of contributory negligence as a matter of law, where he permitted his elbow to extend so as to be struck by cylinder head of the locomotive and inflict injuries for which action was brought.

3. SAME—PROSPECTIVE PASSENGER—STATION PLATFORM—OVERHANG OF TRAIN—CONTRIBUTORY NEGLIGENCE.

A prospective passenger who places himself so near the edge of a railroad platform as to be within the line of the ordinary overhang of a train, contributes to the injury in such a way as to prevent recovery, other things being equal.

4. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVIDENCE — DIRECTED VERDICT.

A trial court is justified in instructing the jury to return a verdict for the defendant, where all the evidence and legitimate inferences therefrom favorable to plaintiff show he was not in the exercise of due care and that his own negligence contributed to the accident.

Appeal from Oakland; Doty (Frank L.) J. Submitted June 15, 1954. (Docket No. 58, Calendar No. 45,976.) Decided September 8, 1954.

Case by George H. Sinclair, next friend of George David Sinclair, against Grand Trunk Western Railroad Company, a corporation, for personal injuries to minor when struck at loading platform. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*William John Beer* and *John B. Osgood,* for plaintiff.

*H. V. Spike* and *J. P. Tryand* (*Patterson & Patterson,* of counsel), for defendant.

CARR, J. This case has resulted from a somewhat unusual accident, in which George David Sinclair, hereinafter referred to as the plaintiff, was injured. Said accident occurred on June 2, 1950. There is no dispute as to certain material facts involved. About 8 o'clock in the morning of the day referred

to the members of the graduating class of the Royal
Oak high school, approximately 300 in number, were
gathered on the passenger platform of the defendant
railroad company in the city of Royal Oak awaiting
transportation by defendant to the city of Detroit.
Plaintiff, who was at the time 17 years and 8 months
of age, and another member of the class, proceeded
to take pictures of the group from the opposite side
of the tracks. They then crossed to the platform
and, as the train approached, proceeded to take
pictures of it. As the locomotive passed the spot
where plaintiff was standing, the cylinder head
struck his right arm in such manner as to seriously
injure him. The instant suit was brought in his
behalf by his duly appointed next friend to recover
damages for such injury.

The declaration filed in the cause alleged negli-
gence on the part of defendant in operating its lo-
comotive at an excessive rate of speed and without
giving proper signals indicating its approach. It
was further averred that the platform area was
negligently constructed in that it was in such prox-
imity to the tracks that one might not stand with
safety on said platform adjacent to the tracks with-
out being in peril from a passing train, and that the
locomotive was constructed in a dangerous manner
because it carried projections extending into the
platform area. The answer denied all charges of
negligence on the part of defendant and asserted
that plaintiff was himself guilty of negligence con-
stituting the proximate cause of the injuries sus-
tained by him.

At the conclusion of plaintiff's proofs on the trial
counsel for defendant moved for a directed verdict
on the ground that plaintiff had not established neg-
ligence on the part of the defendant constituting
the proximate cause of the accident, and that under
the proofs introduced plaintiff was guilty of con-

tributory negligence as a matter of law. Verdict was directed as requested, the trial judge indicating in his statement to the jury that in his opinion the testimony established that plaintiff had not exercised due and proper care for his own safety under the circumstances existing at the time of the accident. Plaintiff has appealed.

In determining the issue presented, the evidence in the case must be construed as strongly as possible in plaintiff's favor. However, it does not appear that there is any serious dispute as to what occurred prior to the instant that plaintiff was struck by the locomotive. As a witness in his own behalf plaintiff testified to his arrival at defendant's station and to the taking of pictures of the crowd from the east side of the tracks. The following excerpt from his testimony indicates his claim as to subsequent events:

"We then came back and got on the platform north of Washington and made sure we were clearly on the platform, because we could see it was rather close to the tracks and we started taking pictures of the train coming in at a distance. I believe we were 10 or 15 feet north of the sidewalk line of Washington avenue. I was standing on the platform with the right side of my body 9 to 12 inches from the edge of the platform taking motion pictures. Don Palmer and about 298 other students were on the platform. They were just scattered all over the platform. I have the motion pictures I took here in the courtroom today. I was taking the picture of the train and got up real close. I could see it in the lens. It was within a few feet of me, I knew it was going to hit me, but it was too close to do anything about it. I was just frozen on the spot. I could see it overlapped the platform. It must have overlapped the platform; I was hit. The engine or some object sticking out of the engine itself struck my right elbow."

On cross-examination, plaintiff further stated:

"I didn't need any warning the engine was coming because I was taking a picture of it. I knew the engine was on the track and coming right down. While I was taking the movies of the locomotive approaching my right foot was not down on the ties. Exhibit 5 is a part of the movies I took that morning as the train approached. The camera is not on a line with the edge of the platform. It was a little this side of it when that picture was taken. It had to be to catch along in there that way. I would say the camera was in a little bit from the edge of the platform at the time that picture was taken. It was in about 11 inches."

Plaintiff's classmate, who was also engaged in taking pictures of the incoming train, testified that plaintiff had his right side perpendicular to the track with his right foot from 8 to 12 inches from the edge of the platform. The witness was standing somewhat behind plaintiff, and at his left side. As he saw the train approaching he stopped taking pictures, and he stated his reason for so doing as follows:

"I stopped because I just wanted to move out of the way. When I stopped taking pictures to get out of the way, I left George still running his camera standing to my right and in front of me."

The witness estimated the speed of the train as it approached at about 30 miles per hour. The testimony does not disclose, however, the approximate distance of the train from the point where the accident happened at the time the witness came to a conclusion as to its speed. The engineer in charge of the locomotive was called by plaintiff for cross-examination under the statute* and testified that at the time plaintiff was struck and injured the train

* See CL 1948, § 617.66 (Stat Ann § 27.915).—Reporter.

was traveling from 12 to 15 miles per hour, and that when he first saw plaintiff such rate of speed was 25 to 30 miles per hour. He further testified, and such testimony is not in dispute, that, after seeing plaintiff, he could not have brought the train to a stop prior to reaching the point of the accident.

Under the undisputed testimony in the case the conclusion cannot be avoided that plaintiff failed to exercise reasonable and proper care for his own safety. As he stated in his testimony, he knew that the locomotive was approaching. He should have realized also that he was standing in close proximity to the tracks. Apparently he was holding his camera immediately in front of him, and it is a fair inference that his right arm was extended from the side of his body, which was within 8 to 12 inches of the edge of the platform. Assuming that the camera was about 11 inches from the edge, as plaintiff thought, his elbow was presumably some closer to the tracks. The fact that it was the part of his person struck and injured clearly establishes that such was the case. The only conclusion that can be drawn is that plaintiff was so engrossed in the operation of his camera that he gave no heed to his personal safety until struck by the cylinder head of the locomotive.

The record does not indicate that the engine was of unusual construction, and any reasonable observation of it by plaintiff, made for the purpose of insuring his own safety, could not have failed to indicate the necessity for stepping back from the dangerous position in which he was standing. Apparently plaintiff's classmate, who was likewise engaged in taking pictures of the train as it approached, realized that he was too close to the tracks for safety and acted accordingly. Plaintiff failed to do so although more exposed to injury than was his companion.

In *Thompson* v. *Michigan Cab Co.,* 279 Mich 370, 373, it was said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence. Some cases must, of necessity, stand or fall on their own facts. What one does or fails to do as relates to the circumstances under which he acts is the test to be applied. *Flynn* v. *Kramer,* 271 Mich 500, 505."

In the case at bar it is apparent from the evidence that plaintiff was, or should have been, aware of the danger of standing at the edge of the platform, engrossed in taking pictures, as the train approached. A casual glance would have indicated to him that he might be struck and injured if he remained in his position. Under the circumstances he obviously failed to exercise the care for his own safety that the law demands from one of his age, intelligence, experience, and physical and mental ability.

*Clemens* v. *City of Sault Ste. Marie,* 289 Mich 254, cited by counsel in their brief, involved the question as to the degree of care that may reasonably be expected of a child 8 years and 3 months of age. Under the facts there presented it was held that the question as to contributory negligence on the part of the infant plaintiff was properly submitted to the jury. The situation in the case at bar is not analogous to that in the *Clemens Case.* Here the plaintiff was sufficiently mature to realize the danger of the position in which he had placed himself, and was subject to the duty to exercise care accordingly.

The facts in *Rice* v. *Michigan Railway Co.,* 208 Mich 123, cited and relied on by counsel for appellant, differentiate it from the instant case. There the plaintiff, a physician, stood on the platform of a waiting room, maintained by defendant carrier, for

the purpose of signalling an approaching interurban car. It was his claim that he gave the signal, that it was answered by the motorman, and that he expected the car to stop as it customarily did on signal. However, it did not do so, and passed the waiting room at a speed, as plaintiff claimed, of 50 to 60 miles an hour. Plaintiff contended that he was caught in the suction of the car, which passed in close proximity to the waiting room, and that he was thrown against it. The trial court instructed the jury that if, as defendant apparently claimed, plaintiff stood on the platform with an arm extended so close to the track that the car struck it, thereby causing the accident, the plaintiff would be guilty of contributory negligence and could not recover. It was held by this Court that the instruction fairly presented defendant's claim as to the cause of plaintiff's injury, and that the issue of fact as to how the accident occurred was for the jury. For obvious reasons the *Rice Case* is not controlling here.

In *McKeown v. Northwestern Pacific Railroad Company,* 20 Cal App2d 324 (66 P2d 1250), the facts were somewhat analogous to those in the case at bar. There the plaintiff was on defendant's passenger platform at a station for the purpose of boarding a train that was approaching. According to her testimony on the trial she was walking within a few inches of the edge of the platform and of the tracks, with her back to the oncoming locomotive, when she was struck and injured. Verdict and judgment being rendered against defendant, it appealed, claiming that plaintiff was guilty of contributory negligence as a matter of law. The appellate court sustained defendant's claim. It was pointed out in the opinion that the plaintiff knew of the approach of the train and should have realized that her position was one of hazard. The court further commented as follows (pp 326, 327):

"As shown by the many cases cited by defendant where accidents of this character have been considered, it is the uniform rule that where a passenger places himself so near the edge of a railroad platform as to be within the line of the ordinary overhang of a train, he contributes. to the injury and other things being equal, cannot recover."

Among other decisions cited by the California court in support of the legal principle recognized by it was *Foreman Bank* v. *Chicago Rapid Transit Co.*, 252 Ill App 151. There plaintiff's intestate, while standing on the passenger platform of the defendant in close proximity to the track, was struck by an express train which did not stop at the station, receiving injuries that resulted in his death. On the trial the court directed a verdict in favor of defendant on the ground that decedent had been guilty of contributory negligence as a matter of law. The appellate court affirmed the judgment entered, saying in part (pp 153, 154):

"Plaintiff presents the well-known rule that on a motion of the defendant for a directed verdict all evidence most favorable to the plaintiff, together with all reasonable inferences that may be drawn therefrom favorable to the plaintiff, must be taken as true. Questions of contributory negligence as well as the defendant's negligence must ordinarily be left to the determination of the jury. *Ames & Frost Co.* v. *Strachurski*, 145 Ill 192 (34 NE 48); *Lake Shore & M. S. R. Co.* v. *Enright*, 129 Ill App 223; *Baltimore & O. S. W. R. Co.* v. *Then*, 159 Ill 535 (42 NE 971). It is also the rule that, where all of the evidence and legitimate inferences therefrom favorable to plaintiff show that plaintiff was not in the exercise of due care and that his own negligence contributed to the accident, the trial court is justified in instructing the jury to return a verdict for the defendant. *Greenwald* v. *Baltimore & O. R. Co.*, 332 Ill 627 (164 NE 142); *Wilson* v. *Illinois Cent. R. Co.*,

210 Ill 603 (71 NE 398); *Beidler* v. *Branshaw,* 200 Ill 425 (65 NE 1086).

"A person standing so near to the edge of a railroad platform as to be struck by a passing train is guilty of contributory negligence which bars a recovery. In *Chicago, B. & Q. R. Co.* v. *Mahara,* 47 Ill App 208, Mr. Justice Cartwright used this apt language [211]:

" 'A railroad track along which a train may pass is necessarily a place of danger. Platforms along such places are designed to afford a means of passage along and approach to the trains. Every person knows that it is not safe or prudent to stand on the edge of a platform while a train is passing, if the train does not overlap the platform at all, and only comes even with its edge. To be safe for such purpose a platform would have to be some distance away, so as to be unserviceable as a platform. Such a platform as a person of reasonable prudence would stand on the edge of while a train would pass him, would be of no use in alighting from or getting on cars.' "

In the case at bar the trial court correctly determined that plaintiff was guilty of contributory negligence as a matter of law and was, in consequence, not entitled to recover damages. The judgment entered on the directed verdict is affirmed.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.